[Civ. No. 20379. Second Dist., Div. One. Apr. 25, 1955.]

LEOPOLD FELLNER et al., Respondents, v. MORRIS
STEINBAUM, Appellant.

Pacht, Tannenbaum & Ross, Pacht, Ross, Warne & Bernhard, Isaac Pacht and Stuart L. Kadison for Appellant.

Sidney Dorfman for Respondents.

DRAPEAU, J.—Plaintiffs and defendant entered into a written agreement for the sale and purchase of the Langham Apartment Hotel and furnishings in the city of Los Angeles. Defendant purchaser gave the real estate broker who arranged the transaction his check for $10,000, to apply on the purchase price.

A few days after making it, the defendant repudiated the agreement, and stopped payment on his check.

Two legal actions followed: (1) The instant one for damages for breach of the contract; and (2) an action against plaintiffs for the broker's commission.

These two actions were consolidated and tried together, over the objection of defendant.

Findings and judgment were for plaintiffs in the breach of contract case, and for the broker for his commission.

Defendant purchaser appeals from the judgment against him, and contends:

1. That the evidence does not support the finding of the amount of plaintiffs' damages.

In support of this contention defendant argues in his brief:

"Since the measure of damages for the vendee's breach of a contract to purchase real property is deemed to be the excess, if any, of the amount due under the contract over the fair market value of the property, and since it appears from the record that there was no such excess, there was prejudicial and reversible error resulting in a miscarriage of justice in the award of damages in any amount."

2. That it was error not to credit defendant with $50,800 received by plaintiffs as a forfeit upon the breach of an agreement for the sale of the property, made after the one here under consideration.

3. That it was error to restrict the examination of plaintiff when he was testifying under Section 2055 of the Code of Civil Procedure, and under cross-examination when he was testifying in his own behalf. And that it was error to permit hearsay testimony over the objection of defendant.

4. That it was error to consolidate and try together the breach of contract and the commission cases.

5. That there is no evidence to support findings that there was no fraud or misrepresentation inducing defendant to enter into the contract.

These contentions have been considered and will be commented upon in the order in which they have been stated.

1. It appears from the record that the purchase price for the hotel agreed upon by plaintiffs and defendant was $1,100,000; that the plaintiffs finally sold the hotel for $930,-000; that a real estate expert testified that in his opinion the fair market value of the property at the time of the breach of the contract was $950,000; that the trial court found the value to be $995,500, and adjudged damages of $104,500.

It will serve no useful purpose to recapitulate in this opinion all the figures entering into the computation of the amount of damages by the trial judge. The amount of the

judgment comes well within the measure of damages specified by law in such cases as this, and the finding and judgment are supported by substantial evidence. It was the duty of the trial judge to consider all of the testimony as to fair market value, and "Where different conclusions may reasonably be drawn from the evidence by different minds the trial court's findings are not to be disturbed on appeal." (*Pfingsten* v. *Westenhaver*, 39 Cal.2d 12, 19 [244 P.2d 395].)

2. Plaintiffs did receive as a forfeit $50,800 under a contract of sale with other parties, made after defendant breached his agreement. It is not necessary to determine whether or not there was a legal obligation to give defendant credit for this sum, for the reason that the losses sustained by plaintiffs in their endeavors to sell the property after the breach of the agreement exceed the amount of the judgment and $50,800 added together. As pointed out in plaintiffs' brief on appeal, giving them credit for the judgment and for the $50,800, and other items of expense shown in the record, shows a loss of more than the damages awarded by the judgment.

3. After a careful review of the record it appears that there was no undue restriction of defendant's examination of the plaintiff, and that there was no reversible error in the admission or rejection of testimony on the trial of the case. Ample time was taken, defendant was permitted to cross-examine all the witnesses at great length, and there was no abuse of the discretion committed by our law to a trial judge in the conduct of this lawsuit. (*People* v. *McReynolds*, 31 Cal.App.2d 219 [87 P.2d 734]; and see cases digested in West's Cal. Dig., Witnesses 267.)

4. And it need hardly be said that no error appears in the order consolidating the two cases for trial. This too is a matter committed to the sound discretion of the trial judge, and his decision will not be reviewed except upon a clear showing of abuse of discretion. (Code Civ. Proc., § 1048; *Fisher* v. *Nash Bldg. Co.*, 113 Cal.App.2d 397 [248 P.2d 466].) No substantial rights of defendant were trenched upon by trying these two cases together.

 5. Finally, defendant's contention that the evidence does not support findings that there was no fraud or misrepresentation inducing the contract is also without merit. In this connection, it is sufficient to quote from defendant's brief. After repeating and arguing evidence at great length he says: "As against this imposing array of testimony that

various misrepresentations were made as to 1950 income, Mr. Fellner testified that he made no representations.''

It is elementary law that if a finding is supported by substantial evidence, notwithstanding evidence to the contrary, or asserted weaknesses in opposing evidence, that finding is conclusive and binding upon courts of review. ▮ In this case it was the province of the trial court to decide this issue, and it is not the province of this court to pass upon the weight, value, or effect of conflicting evidence.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied May 23, 1955, and appellant's petition for a hearing by the Supreme Court was denied June 23, 1955.