[Civ. No. 18434. First Dist., Div. Two. Dec. 16, 1960.]

NATIONAL ELECTRIC SUPPLY COMPANY (a Corporation), Appellant, v. MOUNT DIABLO UNIFIED SCHOOL DISTRICT et al., Defendants; ROSCOE P. TRAYLER, Respondent.

Bray, Baldwin & Ogden and Eugene H. O'Donnell for Appellant.

Hilger & Thomas and Antonio J. Gaudio for Respondent.

KAUFMAN, P. J.—This action was commenced by National Electric Supply Company, a California corporation, to foreclose a mechanic's lien, for certain electrical materials allegedly furnished to some of the defendants and used in the construction of a school building for the defendant, Mount Diablo Unified School District. The complaint alleged that about July 15, 1954, the Mount Diablo School District, through its duly authorized officer, the defendant, Howard E. McNamer, entered into a written contract with the defendant, E. H. Moore, a licensed general contractor doing business under the name of E. H. Moore and Son, for the construction of a school building. [Moore died on October 30, 1956, and his wife, Florence Moore, was appointed as executrix of his will and substituted in his place in this action. The defendant, General Casualty Company of America, was Moore's bonding company.] Under the terms of this agreement, Moore agreed to furnish all the labor and materials for the school building. Moore then entered into a written agreement with the defendant, Roscoe P. Trayler, doing business as Trayler Elec-

tric Company, Inc., for the furnishing, supplying and installing of necessary electric and sound equipment in the school building. Thereafter, Trayler, without the knowledge and consent of either the school district or Moore, assigned all of his interest in the above agreement to Trayler Electric Company, a California corporation, under the complete control and dominion of the plaintiff, National Electric Supply Company. As between the plaintiff and Trayler Electric, all of the materials were to be delivered to and paid for by Trayler Electric Company, Inc., but were delivered to R. P. Trayler.

The plaintiff supplied materials, equipment and supplies in the sum of $30,145.21. On or about August 24, 1955, the school district accepted the work on the school. On September 18, 1955, plaintiff served a copy of a claim of lien on the school district alleging that it had not been paid for the materials it supplied to Trayler; the complaint in this action was filed on December 1, 1955. Defendant, Roscoe P. Trayler, individually and doing business as Trayler Electric Company, filed a cross-complaint for malicious prosecution against the plaintiff.

On the first day of the trial, it was agreed that since the complaint involved equitable issues and the cross-complaint involved legal issues, the two matters were tried separately as a convenience to the court, counsel, and to simplify proceedings for the jury. Thereafter, pursuant to a stipulation, the complaint which involved equitable issues was to be heard first, and the cross-complaint which involved legal issues was to be heard at a later time if the court's determination warranted further proceedings.* After an extended hearing on the equitable issues, the trial court found the facts substantially as stated above, and further found that during all the

---

*"THE COURT: All right, proceed. Call your first witness. I think maybe we ought to have the record show what the agreement was in chambers.

"MR. O'DONNELL: I was going to suggest that.

"THE COURT: All right. Have the record show if there is anything inaccurate in the stipulation I make, I want counsel to correct it.

"It is stipulated by counsel that this matter may be tried now—— withdraw that. All of the equitable issues in the case be tried now, and reserving to any counsel—— all the equitable issues may be tried now, and if there are any legal issues remaining after they are tried, they may be tried either by the Court or by jury, as counsel may desire.

"MR. CASEY: That is substantially the understanding Your Honor.

"THE COURT: Yes, all the equitable issues will be tried first. All right."

times mentioned in the complaint, the plaintiff, through its officers, agents, employees and attorneys was in control of Trayler Electric and that the plaintiff exercised complete dominion and control of the Trayler Electric Company; that the plaintiff had been paid in full in the sum of $30,145.21 for all of the electrical materials, equipment, supplies and electrical sound equipment furnished; and that all payments made by Moore on the school account were substantially collected and controlled through the exercise of the instrumentality of Trayler Electric, which plaintiff then and there controlled. The trial court, over plaintiff's objection, made findings of fact and conclusions of law, dismissed the complaint, and accordingly entered judgment in favor of the defendants.

From this judgment, the plaintiff now appeals. No question is raised on appeal that the evidence does not support the findings and judgment. The only issue raised is whether the findings of fact, conclusions of law, and the judgment were proper at this point in the proceedings. It is argued that the separation of legal and equitable issues pursuant to a stipulation was not a severance of the complaint and cross-complaint justifying two separate judgments.

 Section 1048 of the Code of Civil Procedure provides for the consolidation or severance of actions "in the discretion of the court, whenever it can be done without prejudice to a substantial right." The discretion granted to the court must necessarily be broad and will not be interfered with on appeal, except for an abuse thereof. (*Caldwell* v. *Regents of University of Calif.*, 35 Cal.App. 639 [170 P. 666]; *Fellner* v. *Steinbaum*, 132 Cal.App.2d 509 [282 P.2d 584].) The only question before us, therefore, is whether the trial court in the instant case, abused its discretion by severing the issues of the complaint and the cross-complaint.

Plaintiff bases its claim of abuse of discretion chiefly on a statement in 2 Witkin, California Procedure, section 573, page 1580, wherein the author indicates that a *theoretical* conflict exists as to whether a complaint and cross-complaint are both part of a single action or whether the cross-complaint creates a separate action. The very next sentence states that the actual holdings disclose only one important aspect in which the action is regarded single, i.e., the one final judgment rule, designed to prevent piecemeal appellate review. It is well established, however, that the one final judgment rule is subject to an exception where separate and

independent relief is sought by or against different parties, as is the case here. The rule applies only to parties to an action whose interests are identical. (*Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 P. 39]; 3 Witkin, California Procedure, § 1, p. 1871.) It is obvious that in the instant case, the interests of the parties are not identical as only one of the many defendants is involved in the cross-complaint. Furthermore, the defendant, Trayler, is a contractor; the existence of a lien foreclosure suit against him impairs his credit and ability to make bond. ■ A complaint and cross-complaint for most purposes are treated as independent actions and the cross-complainant is not deprived of the right to the trial of the issues on his cross-complaint by a judgment dismissing the complaint. (*Atherley* v. *MacDonald, Young & Nelson, Inc.*, 135 Cal.App.2d 383, 386 [287 P.2d 529]; 2 Witkin, California Procedure, § 573, p. 1580.) ■ Under section 1048, not every severance requires separate judgments, nor does every consolidation require only one set of findings and one judgment. (*Walker* v. *Walker*, 177 Cal.App.2d 89 [1 Cal.Rptr. 871].)

The other authorities cited by the plaintiff do not, as it claims, establish a rule requiring separate judgments. ■ Rather, they apply the well settled rules that where, as here, there are equitable and legal issues, the equitable issues are to be decided first; and in such a case, a party is entitled to a jury trial on the legal issues. (*Peterson* v. *Peterson*, 74 Cal.App.2d 312 [168 P.2d 474]; *Keans etc., Inc.* v. *Alphonzo E. Bell Corp.*, 126 Cal.App.2d 311 [272 P.2d 35]; *Connell* v. *Bowes*, 19 Cal.2d 870 [123 P.2d 456]; *Steinbugler* v. *William C. Atwater & Co.*, 16 N.Y.S.2d 851.)

Finally, in the instant case, the severance was by stipulation of all the parties, including the plaintiff. Considering this, as well as all the other facts of this case, we can see no possible abuse of discretion. Under the circumstances here present, this appeal borders on the frivolous.

Judgment affirmed.

Draper, J., and Shoemaker, J., concurred.