[Civ. No. 45194. Second Dist., Div. Four. May 12, 1975.]

ELLING CORPORATION et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
PHIL L. WOOD, Real Party in Interest.

**COUNSEL**

Murry Luftig for Petitioners.

No appearance for Respondent.

Miller, Bronn & Brummett, Franklin J. Brummett and John D. Miller for Real Party in Interest.

**OPINION**

**FILES, P. J.**—This proceeding involves the application of Code of Civil Procedure section 581a, subdivision (a), which requires dismissal of an action if the summons is not served and returned within three years after the commencemen of the action.[1] No decision has been found applying that section to the facts presented here.

On April 5, 1971, an action was filed in the superior court entitled "Phil L. Wood, Plaintiff, vs. Walter Wencke, Cathryn Wencke, Walter Wencke, as Trustee for Wenda Kay Wencke and Wayne Karl Wencke, Elling Corporation, a Nevada Corporation, Adele, Inc., a Nevada Corporation and First Doe to Fiftieth Doe, Inclusive, Defendants." Thereupon the clerk issued a summons directed to the parties named in the title as defendants. Within a month summons and complaint were served upon Walter Wencke and Cathryn Wencke, and they appeared in due course. The summons was not served upon the Elling Corporation and Adele, Inc. (who are the petitioners here) until June 26, 1974. The return of service was filed August 12, 1974.

---

[1] Code of Civil Procedure, section 581a, subdivision (a): "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

On July 5, 1974, petitioners Elling and Adele made a motion in the superior court to dismiss the action as to them upon the ground that the summons had not been served upon them within three years from the commencement of the action. The motion was opposed by the plaintiff, and was denied by the court. Adele and Elling then filed a petition in this court seeking a writ of mandate to compel the superior court to grant the dismissal. The plaintiff in the superior court action, as real party in interest, has appeared here in opposition.

Dismissal is mandatory as to a party who has not been served with summons within three years from the commencement of the action unless the case comes within one of the exceptions expressly stated in the statute or implied, as the case law has interpreted it. (*Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 50 [115 Cal.Rptr. 241, 524 P.2d 369].) The appearance of some parties within the three-year period does not preclude dismissal of other parties who have not been served. (*Andre* v. *General Dynamics, Inc.* (1974) 43 Cal.App.3d 839, 842 [118 Cal.Rptr. 95].) Since dismissal is indicated by the statutory language, we turn to a consideration of plaintiff's theories.

Plaintiff's first contention is that Elling and Adele were not parties to the action, despite being named as defendants in the action's caption, until the complaint was amended to state a cause of action against them on January 14, 1972, and that service and return of summons within three years of that date was timely. The original complaint was set up in eight causes of action. The first declared against Walter Wencke and Cathryn Wencke upon a promissory note. Other counts alleged that the Wenckes had made conveyances of property to persons whose identities were unknown to plaintiff, for the purpose of defrauding plaintiff. Those unidentified persons were designated in the allegations as Does one through fifty. Counts 2 through 8 alleged "Defendants did the things herein alleged with intent to defraud plaintiff, and said acts were done maliciously and oppressively. Plaintiff, therefore, is entitled to exemplary or punitive damages in an additional sum of $150,000.00."

The prayer of the original complaint was "for judgment against the defendants, and each of them" annulling the conveyances and awarding plaintiff reasonable attorneys' fees, punitive damages in the amounts of $150,000, costs and "all other proper relief." A money judgment of $329,330.81 plus interest was prayed against Walter and Cathryn Wencke only.

Nowhere in the original complaint does the name of either the Elling Corporation or Adele, Inc., appear except in the caption. The amendment, filed January 14, 1972, amends the sixth, seventh and eighth causes of action by alleging that the Wenckes fraudulently conveyed certain described property to Elling and Adele.

■ By the language of section 581a, the time period runs from the commencement of the action. This means the date of filing of the original complaint. (*Perati* v. *Atkinson* (1964) 230 Cal.App.2d 251 [40 Cal.Rptr. 835].)

The case law does distinguish between parties named in the original complaint and parties added by amendment later. If a new party is added later, the action commences as to him on the date of the amendment. (*Warren* v. *Atchison, T. & S. F. Ry. Co.* (1971) 19 Cal.App.3d 24, 38 [96 Cal.Rptr. 317].) ■ In the light of these elemental principles we examine plaintiff's contention that Elling and Adele did not become parties until 1972.

Under our statutory system of pleading, the plaintiff designates whomever he chooses as a party defendant by so naming that party in the title of the action. Code of Civil Procedure section 426, in effect at the time the original complaint was filed, provided:

"The complaint must contain:

"1. The title of the action, the name of the court and county, and, in municipal and justice courts, the name of the judicial district, in which the action is brought; the names of the parties to the action; . . . ."

That section was replaced July 1, 1972, by section 422.40 which states:

"In the complaint, the title of the action shall include the names of all the parties; but, except as otherwise provided by statute or rule of the Judicial Council, in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."

The change in the statutory language makes no difference in the principle that the persons named as defendants in the title of the action are thereby made parties defendant from the inception of the action. The county clerk gave recognition to plaintiff's designation of parties by

issuing a summons addressed to each of the defendants named in the title.

It is by no means unusual to find a complaint which fails to state a cause of action against some or all of the named defendants. Our rules of pleading contemplate amendments to cure such defects. (Code Civ. Proc. §§ 472, 473.) ■ If the amendment seeks a recovery based upon the same general set of facts, it is deemed filed as of the date of the original complaint for the purpose of applying the statute of limitations. (*Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575, 583-585 [86 Cal.Rptr. 465, 468 P.2d 825]; *Ruiz* v. *Santa Barbara Gas etc. Co.* (1912) 164 Cal. 188, 190, 194 [128 P. 330].)

■ In construing and applying section 581a we must be mindful of its purpose in relation to the statute of limitations. The filing of an action stops the running of the period of limitations. The plaintiff has three years after that within which to serve process and file the return. This three-year limitation "was intended to prevent the indefinite extension of the life of the obligation in spite of the statute of limitations by simply commencing an action." (*Davis* v. *Hart* (1899) 123 Cal. 384, 386 [55 P. 1060].)

The relationship between the statute of limitations and the statutory three-year period for serving process is exemplified by what happened in *Taliaferro* v. *Riddle* (1959) 167 Cal.App.2d 567 [334 P.2d 950]. In that action the original complaint included two defendants named Hartman, who obtained a dismissal for failure to serve process upon them within three years. Later, the superior court determined that the Hartmans were necessary parties, and ordered them joined. Accordingly, an amended complaint was filed and an alias summons was issued and served upon the Hartmans. A subsequent order of the superior court quashed the service upon the ground service had not been made within three years after commencement of the action. In reversing the latter order, the Court of Appeal said:

"Section 581a does not prevent the bringing of a new action against a dismissed defendant by filing a new complaint against him. We see no reason why a plaintiff can not do the same, in legal effect, by suitably amending his complaint in the original action upon obtaining leave of court therefor . . . .

"It is already established that for the purpose of computing the running of a statute of limitations when a new party is brought into an action, the action commences as to him when an appropriate amended or supplemental complaint is filed. [Citations.] The same principle applies with equal logic to the computation of time 'after the commencement of . . . [the] action' under section 581a when a new party is brought in.

"It appears that the amended complaint for joinder of the Hartmans was filed June 24, 1954. That marks the date of commencement of the action anew as to the Hartmans. It follows that service of the alias summons and amended complaint in March of 1957 was within three years of the second commencement of the action as to them."

■ The teaching of this and similar cases is that by naming a party defendant in an original complaint, the plaintiff stops the running of the statute of limitations; but if the summons is not served and returned within three years, the unserved defendant is entitled to a dismissal. The dismissal is not an adjudication on the merits, and if plaintiff wishes to renew his suit against that defendant he may do so by a new pleading (in the same action or another one), subject to whatever statute of limitation may be applicable at the time the new pleading is filed. These rules are derived from the language of the statute and its purpose to encourage promptness in the prosecution of actions. (See *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740 [329 P.2d 489]; *People* v. *Kings County Dev. Co.* (1920) 48 Cal.App. 72, 76 [191 P. 1004].)

■ Plaintiff's second contention is that he came under some implied exception to the statute. Specifically, he argues that the time he spent litigating with the Wenckes over a notice of lis pendens should be excluded from the three-year period.

In support of that theory the return of plaintiff, as real party in interest, includes the following additional facts, among others:

Following discovery of transactions between the Wenckes and the defendant corporations, plaintiff amended his complaint (on Jan. 14, 1972) and recorded a notice of lis pendens describing the real properties referred to in the amended complaint. Walter Wencke made a motion to expunge the notice of lis pendens, which was denied. On August 16, 1972, Wencke filed a notice of appeal, and abandoned the appeal on December 4, 1972. On August 15, 1972, the Wenckes filed an action in

the superior court of San Diego County to remove the lis pendens. On December 4, 1972, Wencke filed a motion in the Los Angeles Superior Court asking it to reconsider its order denying expungement, which motion was denied on January 4, 1973. Wencke then filed a new notice of appeal and also sought review in the Court of Appeal by petition for extraordinary writ. The petition for a writ was denied January 18, 1973, and the appeal was never perfected.

Plaintiff's counsel has not suggested any possible connection between his activity over the notice of lis pendens and his failure to serve process on the two corporate defendants. It is unquestioned that the corporations were at all times available and subject to process. If plaintiff was ever in doubt about this, he was informed by interrogatory answers dated June 22, 1973, which showed that Walter and Cathryn Wencke were officers of both corporations and gave their residence and business addresses.

Implied exceptions to the requirements of section 581a have been found where there was an estoppel, or where it was impossible, impracticable or futile to proceed within the statutory period. (See *Busching* v. *Superior Court, supra,* 12 Cal.3d at p. 53.) No estoppel is claimed in the present case, and there is no showing that it was impossible, impracticable or futile to serve process upon Elling and Adele at any time after the complaint was filed in 1971.

*Christin* v. *Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], relied upon by plaintiff, presents an altogether different kind of situation. In *Christin,* the superior court had granted a motion for change of venue from Los Angeles to San Francisco, and plaintiff appealed from that order. When defendants sought to compel dismissal of the main action upon the ground that the case had not been brought to trial within the five-year limitation of section 583 of the Code of Civil Procedure, the Supreme Court held that, during the pendency of the appeal from the venue order, the time period did not run because, for all practical purposes, it was impossible to try the merits until the venue appeal had been decided.

In the case at bench, the pendency of the Wenckes' attack upon the notice of lis pendens placed no legal or practical obstacle to serving process upon the other defendants, or to taking any other steps which a diligent plaintiff normally would take to bring the action to a trial on the merits.

Plaintiff's third contention is that the unserved defendants had notice of the action and therefore were not prejudiced by the delay. There is nothing in the statute suggesting that notice or knowledge of the pendency of the action would be a substitute for service of process and a return of service. Such an interpretation of it would make the statute so uncertain in its application as to undermine its efficacy.

■ There is nothing in subdivision (a) of section 581a which requires a showing of prejudice with respect to the ultimate resolution of the merits of the controversy. However, the petitioning corporations have been prejudiced in a legal sense. By naming Elling and Adele as defendants plaintiff stopped the running of the statute of limitations, subject to his causing process to be served and returned within three years. Upon the filing of the action, the clerk of the court gave to plaintiff a summons which plaintiff was entitled to have served upon Elling and Adele whenever it served his purpose within the three-year period. There are other intangible harms inflicted upon one who is named a defendant in a civil action. The standing and reputation of a defendant may be impaired. A defendant's credit may be affected by the pendency of a complaint demanding money or property from him. The law condones these harms when inflicted in good faith and for a limited period. The three-year limitation in section 581a is a means of placing some time limit upon the power of a plaintiff to inflict such harm on the persons he chooses to name as parties defendant.

In this case, as in many others where the three-year limitation is invoked, it is impossible to determine whether the delay has or will affect the ultimate resolution of the merits of the case. The salutary purpose of the three-year limit requires that it be applied without examination of the merits of the cause of action and the defenses of the moving defendant.

Let a writ of mandate issue directing the superior court to make an order dismissing the action entitled Phil L. Wood v. Walter Wencke, and others, No. SO C 25238, as against the defendants the Elling Corporation and Adele, Inc.

Jefferson, J., and Dunn, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied July 9, 1975.