*65
 
 Opinion
 

 THE COURT.
 
 *
 

 Edward P. Botsford, trustee, and two corporations, plaintiffs below, appeal from a written order (Code Civ. Proc., § 58Id) dismissing their complaint as against defendants and respondents John R. Pascoe and others, under Code of Civil Procedure section 581a, subdivision (a), for failure to make return of service on the summons within three years after the commencement of the action. Appellants contend that they were excused from complying with section 581a, subdivision (a) because, within the three-year period, respondents made “a general appearance in the action.” We affirm.
 
 [1]
 

 Appellants, by complaint filed January 3, 1974, sued Haskins & Sells (an accounting partnership) and fictitiously named defendants for damages, alleging that Haskins & Sells had given appellants certain assertedly erroneous income tax advice. Haskins & Sells cross-complained against respondents (all of whom were lawyers) and others. The cross-complaint, essentially for indemnity, alleged that the tax advice had initially come from the cross-defendants. Respondents demurred to the cross-complaint and their demurrer was sustained. The cross-complaint was amended and thereafter respondents participated actively in proceedings on- the cross-complaint, demurring a second time (unsuccessfully), answering, entering into stipulations, and initiating and responding to discovery. Among other acts respondents entered into three separate written stipulations (in Sept. 1975, in Apr. 1976, and in May 1976) to which appellants were also parties, each of which was prepared by counsel for Haskins & Sells and each of which permitted substitution of a personal representative for a deceased cross-defendant. Also (in Dec. 1975) respondents directed a request for production of documents (Code Civ. Proc., § 2031) to appellants, who subsequently responded thereto.
 

 Respondents were not named as defendants in the complaint until December 6, 1976, slightly more than 35 months after the complaint had been filed. On that date appellants obtained an order for amendment of the complaint, amended the complaint to substitute respondents for fictitiously named defendants, and effected personal service of the summons and complaint on respondents. On January 6, 1977, three days more than three years after the complaint was filed, appellants filed return of service of the summons on respondents. On the same day,
 
 *66
 
 respondents moved to dismiss the complaint under Code of Civil Procedure section 581a, subdivision (a).
 
 [2]
 
 The motion was granted; this appeal followed.
 

 If the summons has not been served
 
 and return made
 
 within three years after the commencement of the action, and if the case does not come within a statutory or judicially declared exception, dismissal of the complaint under Code of Civil Procedure section 581a, subdivision (a), is mandatory and jurisdictional.
 
 (Slaybaugh
 
 v.
 
 Superior Court
 
 (1977) 70 Cal.App.3d 216, 221, 224-225 [138 Cal.Rptr. 628]; cf.
 
 Kaiser Foundation Hospitals
 
 v.
 
 Superior Court
 
 (1975) 49 Cal.App.3d 523, 525-526 [122 Cal.Rptr. 432].) It is not necessary to show that the defendant has been prejudiced by the delay.
 
 (Elling Corp.
 
 v.
 
 Superior Court
 
 (1975) 48 Cal.App.3d 89, 98 [123 Cal.Rptr. 734].)
 

 Appellants do not dispute that return of service of the summons upon respondents was not made until more than three years after the commencement of the action. Nor do appellants contend that there was any written stipulation to extend the time period. Appellants’ main contention on appeal is that within the three-year period respondents “made a general appearance in the action” within the meaning of section 581a, subdivision (a), and that respondents’ general appearance excused appellants from returning the summons.
 

 Within the meaning of section 581a, “ ‘A general appearance is not necessarily a formal, technical step or act. The term is applied to
 
 *67
 
 various acts which, under established principles of procedure, are deemed to confer jurisdiction of the person.’ ”
 
 (O’Keefe
 
 v.
 
 Miller
 
 (1965) 231 Cal.App.2d 920, 921 [42 Cal.Rptr. 343].) Whether there has been a general appearance will often depend upon an examination of all the circumstances.
 
 (General Ins. Co.
 
 v.
 
 Superior Court
 
 (1975) 15 Cal.3d 449, 453 [124 Cal.Rptr. 745, 541 P.2d 289].)
 

 “
 
 [1]
 
 “A ‘general appearance’ must be express or arise by implication from the defendant’s seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only.” ’ ”
 
 (RCA Corp.
 
 v.
 
 Superior Court
 
 (1975) 47 Cal.App.3d 1007, 1009 [121 Cal.Rptr. 441].) Without question respondents appeared generally, in proceedings upon the cross-complaint, within the three-year period.
 

 But respondents contend that their general appearance was limited to the cross-complaint. They take the position that for purposes of section 581a, subdivision (a), there were two separate “actions,” one on the complaint and the other on the cross-complaint, and that respondents appeared only on the cross-complaint and did not make “a general appearance in the action” on the complaint. Therefore, respondents argue, their motion to dismiss the complaint was not barred by a general appearance.
 

 We agree with respondents that for purposes of section 581a, subdivision (a), an “action” on a complaint should be distinguished from an “action” on a related cross-complaint and that a general appearance in one such action will not necessarily constitute a general appearance in the other. A complaint and a cross-complaint in a single lawsuit are for most purposes treated as independent actions.
 
 (Pacific Finance Corp.
 
 v.
 
 Superior Court
 
 (1933) 219 Cal. 179, 182-183 [25 P.2d 983, 90 A.L.R. 384];
 
 National Electric Supply Co.
 
 v.
 
 Mount Diablo Unified School Dist.
 
 (1960) 187 Cal.App.2d 418, 422 [9 Cal.Rptr. 864]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 990, pp. 2571-2572.) A conclusion that the same distinction should be maintained under section 581a is suggested, if not mandated, by the language of subdivision (a) (relating to an “action . . . commenced by complaint”) and of subdivision (b) (relating to an “action . . . commenced by cross-complaint”) of the section itself.
 

 Appellants contend that it should be the general rule that the complaint and related cross-complaints in a single lawsuit should be treated collectively as a single “action” and that the “doctrinal fiction” of
 
 *68
 
 separate and independent actions on complaint and cross-complaint should be used only for a limited number of “specific purposes.” This contention appears to be contradicted by the cases; specifically,
 
 Bertero
 
 v.
 
 National General Corp.
 
 (1974) 13 Cal.3d 43, 51-52 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878], upon which appellants rely, does not support their generalization. Appellants also point to language in Code of Civil Procedure section 428.60 (relating to service of cross-complaints) which, they argue, supports the conclusion that, in general, a complaint and a related cross-complaint together constitute a single action. We cannot derive so broad an implication from section 428.60.
 

 Appellants next contend that to “apply the doctrinal fiction of . . . separate actions” to these proceedings “would elevate form over substance and defeat justice.” Appellants’ argument involves the premise that respondents had “appeared and fully participated”; to substantiate their premise appellants point out that the cross-complaint herein is factually and theoretically closely related to the complaint and argue that therefore respondents’ activities upon the cross-complaint necessarily prepared respondents to defend upon the complaint as well.
 

 But from the inception of the lawsuit until nearly three years later respondents were not named as defendants in appellants’ complaint. In the interim respondents were compelled (by process on the cross-complaint) to appear and to defend themselves with respect to the cross-complaint. But the law did not require respondents to take any action with respect to the complaint as to which they were neither named nor served. (Cf.
 
 Union Tank etc. Co.
 
 v.
 
 Mammoth Oil Co.
 
 (1933) 134 Cal.App. 229, 231-232 [25 P.2d 262].) It cannot realistically be assumed that respondents “fully participated” with respect to the complaint while waiting to learn whether they would or would not be designated as defendants therein. In any event it is clearly the intent of section 581a that neither a defendant (no matter how well prepared) nor the court system should be required to wait indefinitely to
 
 litigate
 
 a defense. (Cf.
 
 Elling Corp.
 
 v.
 
 Superior Court, supra,
 
 48 Cal.App.3d atp. 95;
 
 General Ins. Co.
 
 v.
 
 Superior Court, supra,
 
 15 Cal.3d at p. 454.)
 

 We conclude that respondents did not make “a general appearance in the action” on the complaint, within the meaning of Code of Civil Procedure section 581a, subdivision (a), solely by virtue of their activities with respect to the cross-complaint.
 

 
 *69
 
 Appellants next contend that respondents in fact appeared directly as to the complaint itself:
 

 (1) After they were served on December 6, 1976, and before the end of the 3-year period 28 days later, respondents stipulated with Haskins & Sells to postpone certain discovery on the cross-complaint and to take the cross-complaint off calendar. Neither stipulation tended to link respondents to the complaint.
 

 (2) As noted above, appellants and respondents signed stipulations prepared by Haskins & Sells to substitute personal representatives for deceased cross-defendants. Each stipulation related solely to the cross-complaint; none was of material benefit to respondents. It was arguably unnecessary to include appellants in any of the stipulations, and there is no showing that respondents participated in the decision to include appellants.
 

 (3) Respondents asked appellants to produce documents, invoking Code of Civil Procedure section 2031. The section 2031 procedure is available only between parties: To maintain the distinction between the action on the complaint and the action on the cross-complaint, and their contention that they were parties to the latter but not to the former, respondents arguably should have used a subpoena duces tecum rather than a request to produce; arguably respondents’ use of the request to produce constituted an implicit acknowledgment that respondents were parties to the action on the complaint. Upon careful consideration, however, we conclude that the use of the section 2031 procedure did not constitute “a general appearance in the action” on the complaint: At the time they used the procedure respondents still had not been designated as defendants in the complaint, and in the request for production respondents clearly and repeatedly identified themselves as “cross-defendants.” Although a fictitiously designated defendant can appear generally, such a general appearance must involve a clear indication that the defendant is appearing and consents to being substituted for the fictitious name. (Cf.
 
 Chitwood
 
 v.
 
 County of Los Angeles
 
 (1971) 14 Cal.App.3d 522, 528 [92 Cal.Rptr. 441].) No such, clear indication was involved in the use of the section 2031 procedure here.
 

 Appellants contend that the recent case of
 
 M. Lowenstein & Sons, Inc.
 
 v.
 
 Superior Court
 
 (1978) 80 Cal.App.3d 762 [145 Cal.Rptr. 814] establishes that
 
 return
 
 of service within three years is no longer “jurisdictional” and that in light of
 
 M. Lowenstein & Sons, Inc.
 
 v.
 
 Superior Court
 
 this court can
 
 *70
 
 and should, in the circumstances of this case, relieve appellants of the express requirement of section 581a that “return [be] made within three years.”
 

 We disagree.
 
 M. Lowenstein & Sons, Inc.
 
 v.
 
 Superior Court
 
 does not, in our view, purport to authorize this or any other court to disregard the Legislature’s mandate that return be made within three years. Rather,
 
 M. Lowenstein & Sons, Inc.
 
 v.
 
 Superior Court
 
 simply approves a trial court’s application of the rule (also stated in
 
 Ginns
 
 v.
 
 Shumate
 
 (1977) 65 Cal.App.3d 802, 806 [135 Cal.Rptr. 604], and subsequently in
 
 Billings
 
 v.
 
 Edwards
 
 (1979) 91 Cal.App.3d 826, 831 [154 Cal.Rptr. 453]) that a
 
 timely but formally defective
 
 return may be
 
 corrected
 
 by amendment made, nunc pro tunc, after the three-year period has run.
 

 In
 
 M. Lowenstein & Sons, Inc.
 
 v.
 
 Superior Court
 
 service was made by mail, and within the three-year period plaintiff filed in the trial court an original alias summons to which were attached a copy of a letter from plaintiff’s counsel advising defendant of the capacity in which it was served and a certified mail receipt for the letter. This “return manifestly did not conform to the form prescribed by the Judicial Council” (80 Cal.App.3d at p. 769); a copy of the acknowledgment of service and a declaration of the individual who mailed the service were not filed until after the three-year period had run. The trial court nevertheless denied defendant’s motion to dismiss. The Court of Appeal pointed out that “proof of service is required to inform the court that a defendant has received the necessary notice” and quoted the Judicial Council comment to Code of Civil Procedure section 417.10: “ ‘[I]f the process is in correct form, properly issued and served, and the proof of service is timely filed with the clerk, a defective affidavit will not destroy jurisdiction; the court may permit an amendment of the affidavit to conform to the facts.’ ” (80 Cal.App.3d at p. 770.) The Court of Appeal concluded that it agreed with plaintiff that “the court had notice of service of process on [defendant] and that any defects in the proof of service could be cured nunc pro tunc,” and construed the Judicial Council comment to indicate “an intent that a defective return of service prevents a dismissal (pursuant to § 581a) if the service itself is proper.” (80 Cal.App.3d at p. 771.) Thus, the Court of Appeal held, the trial court in denying the motion to dismiss acted within its discretionary powers. (80 Cal.App.3d at p. 771.)
 

 If in this action appellants had filed a defective return of service, or otherwise formally notified the trial court that service had been effected, within the three-year period, the language of
 
 Ginns
 
 v.
 
 Shumate, M.
 
 
 *71
 

 Lowenstein & Sons, Inc.
 
 v.
 
 Superior Court,
 
 and
 
 Billings
 
 v.
 
 Edwards
 
 might be applicable. But here there was no return whatsoever, with respect to service of the complaint on respondents, within the three-year period.
 
 M. Lowenstein & Sons, Inc.
 
 v.
 
 Superior Court
 
 is inapplicable.
 

 We find appellants’ final argument, that since an appearing defendant later designated as a cross-defendant need not be served with summons on the cross-complaint (Code Civ. Proc., § 428.60, subd. (2)) the converse should also be true, to be unpersuasive.
 

 The summons was not returned, and respondents did not make a general appearance in the action on the complaint, within three years after that action commenced. The dismissal was proper.
 

 The judgment of dismissal is affirmed.
 

 *
 

 Before Racanelli, P. J., Elkington, J., and Newsom, J.
 

 [1]
 

 An unrelated aspect of this action was decided by this court in
 
 Botsford
 
 v.
 
 Haskins & Sells
 
 (1978) 81 Cal.App.3d 780 [146 Cal.Rptr. 752],
 

 [2]
 

 Code of Civil Procedure section 581a, subdivisions (a) and (b), provide as follows: “(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action. “(b) No action heretofore or hereafter commenced by cross-complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless, if a summons is not required, the cross-complaint is served within three years after the filing of the cross-complaint or unless, if a summons is required, the summons on the cross-complaint is served and return made within three years after the filing of the cross-complaint, except where the parties have filed a stipulation in writing that the time may be extended or, if a summons is required, the party against whom service would otherwise have to be made has made a general appearance in the action.”