GLENWOOD HOMEOWNERS ASSOCIATION, INC.,
Plaintiff and Appellant, v.
PROSHER DEVELOPMENT LTD., et al., Defendants and
Cross-complainants;
F. A. GOPLEN & SONS, INC., Defendant,
Cross-defendant and Respondent.

COUNSEL

Boren, Elperin, Howard & Sloan, Ralph B. Dash, William Elperin and Steven J. Revitz, for Plaintiff and Appellant.

No appearance for Defendants and Cross-complainants.

Buck, Molony, Nimmo & Ammirato, Mark D. Rutter and Robert L. Thompson for Defendant, Cross-defendant and Respondent.

OPINION

**HASTINGS, J.**—On this appeal we must decide whether an appearance by an unserved defendant by way of answer to a cross-complaint constitutes a general appearance by such cross-defendant so that plaintiff can serve the original complaint by mail on the cross-defendant.

Appellant, Glenwood Homeowners Association, Inc., commenced the within action on August 16, 1976, by filing a complaint against several named defendants and 150 Doe defendants, alleging causes of action

based upon negligence, breach of warranty, breach of contract and fraud in the construction of a condominium project. One defendant in the action, Prosher Development Ltd., (Prosher) the developer and general contractor of the condominium project filed numerous cross-complaints for indemnity against various subcontractors, including respondent F. A. Goplen & Sons, Inc.

On January 8, 1979, after a third amended complaint had been filed, appellant received answers to its interrogatories from Prosher wherein respondent was named as a subcontractor on the construction project. On February 13, 1979, respondent filed an answer to the cross-complaint of Prosher.

Appellant on July 11, 1979, prepared and served upon respondent a copy of the third amended complaint by mailing copies addressed to Robert A. Buck of the firm of Buck, Molony, Nimmo & Ammirato, the attorneys who had filed the answer of respondent to Prosher's cross-complaint. Respondent was served and sued as Doe 59. Proof of service by mail was filed with the court on July 12, 1979. The three-year period for service and return of summons pursuant to Code of Civil Procedure section 581a, subdivision (a) expired August 16, 1979.

On August 16, 1979, respondent served a notice of motion and motion to quash service of process and on October 22, 1979, the motion came on regularly for hearing in department 84 of the superior court. The court, citing *Botsford v. Pascoe* (1979) 94 Cal.App.3d 62 [156 Cal.Rptr. 177] granted the motion to quash stating that the answer of respondent to the cross-complaint was not an appearance in the original action. This appeal followed.

Code of Civil Procedure section 1015 provides in pertinent part: "...[I]n all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, except service of subpenas, of writs, and other process issued in the suit, and of papers to bring him into contempt." ■ Appellant argues that respondent had made a "general appearance" in the lawsuit when it filed its answer to Prosher's cross-complaint, therefore, service of the summons and complaint by mail on respondent's attorney invoked the court's jurisdiction over respondent in appellant's action.

*Botsford* v. *Pascoe, supra,* 94 Cal.App.3d 62, relied upon by the court in granting the motion, is the most recent (1979) case on the subject and therefore we report it in some detail. Botsford and others (plaintiffs) had filed an action against Haskins & Sells (an accounting partnership) for damages, alleging that Haskins & Sells had given plaintiffs erroneous income tax advice. Haskins & Sells cross-complained against Pascoe, an attorney-at-law and others, for indemnity alleging that the tax advice had come from the cross-defendants. Pascoe and the other cross-defendants answered the cross-complaint. Approximately 35 months after the complaint had been filed plaintiffs were permitted by the court to file an amended complaint and to substitute Pascoe and the other cross-defendants for fictitiously named defendants. These defendants were then personally served with the summons and amended complaint. Plaintiffs filed the return of service of the summons on Pascoe and the other cross-defendants three days after the three-year period had expired. (§ 581a, subd. (a), *supra.*) The trial court after a proper motion dismissed the complaint against these cross-defendants.

On appeal plaintiffs argued that Pascoe and the others had made a "general appearance" in the action thus excusing plaintiffs from returning the summons within the three-year period. The Court of Appeal disagreed. Portions of the court's reasoning are as follows (pp. 67-68): "...an 'action' on a complaint should be distinguished from an 'action' on a related cross-complaint and that a general appearance in one such action will not necessarily constitute a general appearance in the other. A complaint and a cross-complaint in a single lawsuit are for most purposes treated as independent actions. [Citations.]...[¶] Appellants contend that it should be the general rule that the complaint and related cross-complaints in a single lawsuit should be treated collectively as a single 'action' and that the 'doctrinal fiction' of separate and independent actions on complaint and cross-complaint should be used only for a limited number of 'specific purposes.' This contention appears to be contradicted by the cases; specifically, *Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 51-52 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878], upon which appellants rely, does not support their generalization. Appellants also point to language in Code of Civil Procedure section 428.60 (relating to service of cross-complaints) which, they argue, supports the conclusion that, in general, a complaint and a related cross-complaint together constitute a single action. We cannot derive so broad an implication from section 428.60. ...[¶]...

from the inception of the lawsuit until nearly three years later respondents were nót named as defendants in appellants' complaint. In the interim respondents were compelled (by process on the cross-complaint) to appear and to defend themselves with respect to the cross-complaint. But the law did not require respondents to take any action with respect to the complaint as to which they were neither named nor served. [Citation.] It cannot realistically be assumed that respondents 'fully participated' with respect to the complaint while waiting to learn whether they would or would not be designated as defendants therein. In any event it is clearly the intent of section 581a that neither a defendant (no matter how well prepared) nor the court system should be required to wait indefinitely to *litigate* a defense. [Citations.]"

Appellant in our present case makes a spirited argument that *Botsford* v. *Pascoe, supra*, 94 Cal.App.3d 62 is incorrect and should not be followed. Appellant claims that *Botsford* improperly relied on *Pacific Finance Corp.* v. *Superior Court* (1933) 219 Cal. 179 [25 P.2d 983, 90 A.L.R. 384] and *National Electric Supply Co.* v. *Mount Diablo Unified School Dist.* (1960) 187 Cal.App.2d 418 [9 Cal.Rptr. 864] and extended the law to establish a "separateness" rule between complaints and cross-complaints that is not legally sound.

We disagree. The *Botsford* decision is well reasoned and is supported by ample authority. In *Bertero* v. *National General Corp., supra*, 13 Cal.3d 43, 51, 52, the court stated: "For our purposes no sound reason appears for treating a cause of action initiated by a cross-pleading as only an integral part of that cause initiated by the complaint.... '... [T]his court has recognized that "these cross-actions... are still distinct and independent causes of action, so that when properly interposed and stated the defendant becomes in respect to the matters pleaded by him, an actor, and there are two simultaneous actions pending between the same parties wherein each is at the same time both a plaintiff and a defendant." [Citations.]' In other instances case and statutory law recognize that a cross-pleading creates an action distinct and separate from an initial pleading. Dismissal of the complaint, for instance, does not affect the independent existence of the cross-complaint...."

Our Supreme Court further emphasized the separate nature of an action for indemnity by way of cross-complaint in *People* ex rel. *Dept. of Transportation* v. *Superior Court,* 26 Cal.3d 744 [163 Cal.Rptr. 585, 608 P.2d 673]. Plaintiff, injured in an automobile accident on a public

highway, sued numerous individuals but did not sue the state. Several named defendants filed an equitable indemnity action against the state through a cross-complaint. The state demurred to the cross-complaint on the ground the action was barred because plaintiff had not filed a timely claim (100 days) against the state. The court held that the tort defendant's cross-complaint was a separate and distinct action from plaintiff's tort action and the statute of limitations did not accrue when the original accident occurred. Instead, it accrues at the time the tort defendant pays the judgment or settlement because only then is he entitled to indemnity.

Code of Civil Procedure section 428.20 provides: "When a person files a cross-complaint as authorized by Section 428.10, he may join any person as a cross-complainant or cross-defendant, whether or not such person is already a party to the action, if, had the cross-complaint been filed as an independent action, the joinder of that party would have been permitted by the statutes governing joinder of parties."

This statute was added in 1971. In commenting on the addition the Law Revision Commission comment in part states: "Section 428.20 makes clear that, when a cross-complaint is permitted under Section 428.10, persons may be joined as cross-complainants who were not previously parties to the action and the cross-complaint may be brought against persons who were not previously parties to the action. *Thus, Section 428.20 is consistent with the general principle that a cross-complaint is to be treated as if it were a complaint in an independent action.*" (Italics added.)

In *Botsford*, it is interesting to note that plaintiffs first learned the identity of Pascoe and the other cross-defendants approximately 35 months after the original complaint was filed. However, plaintiffs did effectuate personal service on the cross-defendants before the three-year period had expired. Plaintiffs' downfall was the fact that the return of summons was filed three days late. Appellant in our present case does not explain why it did not personally serve respondent, but argues we should not place "form over substance" and prevent a hearing on the merits. This argument, however, lacks substance since a general appearance by a party is equivalent to personal service of summons on such party. (Code Civ. Proc., § 410.50.) Appellant was not precluded from obtaining jurisdiction over respondent by means of personal service.[1]

[1]Appellant mailed the summons and complaint to respondent's attorneys who filed the answer to the cross-complaint. Probably the same attorneys would represent respondent in appellant's action but it is not a certainty. There could be numerous reasons for having separate attorneys in such a situation.

See *Schering Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 737 [125 Cal.Rptr. 337].)

The order quashing the service of summons and complaint on respondent is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.