[Civ. No. 55853. Second Dist., Div. Three. Dec. 26, 1979.]

JACK A. DeGRANDCHAMP, Plaintiff and Appellant, v. TEXACO, INC., Defendant and Respondent.

426

---

COUNSEL

Hatch & Parent, S. Timothy Buynak, Jr., and Peter N. Brown for Plaintiff and Appellant.

David G. Yetter for Defendant and Respondent.

OPINION

**POTTER, Acting P. J.**—Plaintiff Jack A. DeGrandchamp appeals from a summary judgment in favor of defendant Texaco, Inc., on plaintiff's first cause of action for declaratory relief. The complaint includes eight causes of action which, according to paragraph I of the first cause of action, all "grew out of the same set of facts, events, and circumstances," and were joined "due to the fact that on the trial of each of said causes of action, common issues of law and fact will arise. . . ."

Paragraphs I through XVI of the first cause of action describe circumstances giving rise to a controversy between plaintiff and defendant as to the latter's obligations as a party to a sublease and franchise arrangement executed on or about June 15, 1972, covering a gasoline service station in the County of Santa Barbara. The lease-franchise arrangement was continued or renewed for a period of three years by written agreements executed on or about May 12, 1975. Regulations of the Santa Barbara County Air Pollution Control District adopted in September 1974 required that installation of vapor recovery systems at gasoline service stations be completed by June 1, 1976, and prohibited operation of gasoline service stations not so equipped.

The gravamen of the first cause of action is that by entering into the sublease franchise arrangement, defendant impliedly covenanted "to comply with all laws, regulations, rules and orders of governmental bodies, and to construct improvements necessitated thereby. . . ." Plaintiff contends that this covenant obligated defendant to install the vapor recovery system at its own expense. Defendant contends to the contrary that it had no such obligation. The system was not installed, with the result that no gasoline could be pumped or delivered after the deadline. The relief sought in the first cause of action is a declaration of the parties' rights in accordance with plaintiff's contentions.

The second cause of action incorporates all of the factual allegations of the first cause of action (including its conclusory allegation of the implied covenant) and charges that defendant's failure to install the required system was a breach of such covenant causing damage in the form of loss of business profits.

The third cause of action incorporates the allegations of the first and second causes of action with respect to the implied covenant and its

breach and alleges damages resulting from "emotional distress, anxiety, disappointment, loss of business reputation, and other distress. . . ."

The fourth cause of action reincorporates all the foregoing allegations concerning defendant's failure to install the vapor recovery system and invokes the provisions of Business and Professions Code section 20999.1 limiting terminations, cancellations or refusals to renew existing franchises of gasoline station operators without legitimate business reasons. It is alleged that defendant's termination of gasoline deliveries to plaintiff was in breach of the implied covenants of the lease franchise agreement and a violation of its legal obligation not to terminate the relationship without good cause.

The fifth cause of action incorporates the allegations of the first cause of action relating to the lease-franchise agreements. It further alleges that in January 1976, plaintiff entered into an oral agreement to sell his gas station business for $17,500 and that defendant's agent tortiously interfered with this contractual relationship by indicating that the price was excessive. As a result of this interference, the transaction was not consummated, thereby causing plaintiff damage.

The sixth cause of action does not seek relief against defendant Texaco.

The seventh cause of action reincorporates all of the factual allegations of the first, second, third, fourth and fifth causes of action, and alleges that all such conduct was part and parcel of a systematic campaign on the part of defendant to interfere with plaintiff's quiet and peaceful possession of the gasoline station property "with the aim and object of forcing Plaintiff to abandon his lease. . . ." Further acts pursuant to such campaign are then detailed.

The eighth cause of action reincorporates all the factual allegations of the first, second, third and fourth causes of action and charges that Texaco instituted a selective program for the installation of vapor recovery systems whereby it "has combined with certain larger profit gasoline service station businesses" to give them a competitive advantage by refusing to make such installations in lower volume stations, thereby "to create and carry out restrictions on trade or commerce. . . ."

The ninth cause of action reincorporates all of the factual allegations of the first, second and third causes of action and alleges that defendant falsely and fraudulently represented that it would fully perform its obligations under the lease and franchise arrangement, and that these allegations werè false in that "Defendant TEXACO, INC. did not intend to fully perform all their obligations under said written lease agreement and franchise arrangement." Compensatory and punitive damages for fraud are sought.

After substantial discovery and pretrial proceedings, plaintiff moved for summary judgment on its first cause of action for declaratory relief. Testimony and documentary evidence bearing on the issue whether defendant was obligated to install the vapor recovery system was submitted by plaintiff and by defendant, and both oral and written argument was submitted. Upon submission of the matter, the court made its order that the rights of the parties with respect to the declaratory relief cause of action were as set forth in findings of fact and conclusions concurrently filed. These conclusions were:

"1. The court declares that Texaco did not have an obligation or responsibility to Plaintiff pursuant to the terms of the Lease or Agreement of Sale, or pursuant to any implied covenant to procure and install a vapor recovery system at Plaintiff's service station or to bear the cost of procuring and installing same.

"2. Plaintiff's Motion for Summary Judgment on his First Cause of Action of the First Amended Complaint for Declaratory Relief is hereby denied.

"3. Defendant Texaco is awarded Summary Judgment on Plaintiff's First Cause of Action of his Amended Complaint for Declaratory Relief."

Thereafter, the parties entered into a stipulation for severance and order thereon which as approved by the court provided:

"1. Severance of the First Cause of Action in the Complaint filed herein from the remainder of said Complaint will be [conducive] to expedition, economy, and the furtherance of convenience of the parties and the Court;

"2. The First Cause of Action in the claim on file herein be severed from the remainder of said Complaint, effective as of the date the order hereinbelow is signed; and,

"3. The summary judgment awarded Defendant TEXACO, INC. on the First Cause of Action in the Complaint on file herein, which was awarded by the above entitled court in judgment, signed and filed concurrently herewith, be deemed an appealable final judgment; and,

"4. Pending appeal of this judgment to final determination, further processing of this case for trial within the Santa Barbara County Superior Court will be stayed." Pursuant to this stipulation and order, the court entered judgment on plaintiff's first cause of action, declaring that "Defendant Texaco Inc. did not have an obligation or responsibility to Plaintiff pursuant to the terms of the Lease or the Agreement of Sale, pursuant to any implied covenant, or pursuant to the rules of the Santa Barbara County Air Pollution Control District, to procure and install a vapor recovery system at Plaintiff's service station or to bear the cost of procuring and installing same, . . . ."

Thereafter, the action was dismissed as to another defendant, and the judgment was entered. Pursuant to paragraph 4 of the stipulation for severance, further proceedings in the case by way of trial setting conference were conducted at which "the case was taken off calendar, subject to the filing of a new at issue memorandum.[1]

The threshold question posed by this appeal is whether the summary judgment on the first cause of action is an appealable judgment or order. As our Supreme Court stated in *Collins* v. *Corse* (1936) 8 Cal.2d 123, 124 [64 P.2d 137]: "If it is not an appealable order, it is the duty of this court on its own motion to dismiss the appeal."

The stipulation that the judgment "be deemed an appealable final judgment" cannot confer jurisdiction upon this court. In *Phillips* v. *Phillips* (1953) 41 Cal.2d 869, 874 [264 P.2d 926], our Supreme Court said: "As this court stated in *Spencer* v. *Troutt*, 133 Cal. 605 [65 P. 1083], 'the want of jurisdiction in this court over a premature appeal is absolute, and as consent cannot confer jurisdiction, the defect cannot be waived.' [Citations.]"

---

[1]Pursuant to California Rules of Court, rule 12(a), we have ordered the superior court file transmitted to this court and made a part of the record of this appeal.

■ The purported final judgment in this case disposed of only one cause of action between plaintiff and defendant. Seven other causes of action between the same parties remain undisposed of. ■ The general rule precludes piecemeal disposition of several counts in a complaint. That rule is stated by our Supreme Court in *Bank of America v. Superior Court* (1942) 20 Cal.2d 697, 701-702 [128 P.2d 357]: "There cannot be a separate judgment as to one count in a complaint containing several counts. On the contrary, there can be but one judgment in an action no matter how many counts the complaint contains. (*De Vally v. Kendall de Vally O. Co., Ltd.,* 220 Cal. 742 [32 P. (2d) 638]; *Mather v. Mather,* 5 Cal. (2d) 617 [55 P. (2d) 1174]; *Potvin v. Pacific Greyhound Lines, Inc.,* 130 Cal.App. 510 [20 P. (2d) 129].) In the De Vally case, *supra,* a demurrer was sustained and a judgment entered dismissing two counts of a four-count complaint. The court held that the judgment was premature, and dismissed the appeal from it, and stated (p. 745): 'Although the matter is not mentioned by counsel for either side, it appears that the court should not have given a judgment herein until the final disposition of the entire cause. The law contemplates but one final judgment in a cause. As stated in the case of *Nolan v. Smith,* 137 Cal. 360, 361 [70 Pac. 166], quoting from *Stockton etc. Works v. Glens Falls Ins. Co.,* 98 Cal. [557] 577 [33 Pac. 633]: "There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was entered, and finally determines the rights of the parties in relation to the matter in controversy."'"

■ There are exceptions to this rule, and there is at least one acceptable device for avoiding it under certain circumstances.

The first exception applies where the judgment disposes of all issues to be determined as to one party. Thus where the cause of action left undisposed of is against a different defendant than the one dismissed, a several judgment is proper. (See *Aetna Cas. etc. Co. v. Pacific Gas & Elec. Co.* (1953) 41 Cal.2d 785, 788 [264 P.2d 5, 41 A.L.R.2d 1037]; and *Johnson v. Hayes Cal Builders, Inc.* (1963) 60 Cal.2d 572, 578 [35 Cal.Rptr. 618, 387 P.2d 394].) Likewise, where all issues as to one party plaintiff are disposed of, an appealable judgment results. In *Justus v. Atchison* (1977) 19 Cal.3d 564, 568 [139 Cal.Rptr. 97, 565 P.2d 122], our Supreme Court said in this respect: "It is settled that the rule requiring dismissal does not apply when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to

one party. (*Buckaloo* v. *Johnson* (1975) 14 Cal.3d 815, 821, fn. 3 [122 Cal.Rptr. 745, 537 P.2d 865]; *Wilson* v. *Sharp* (1954) 42 Cal.2d 675, 677 [268 P.2d 1062]; *Young* v. *Superior Court* (1940) 16 Cal.2d 211, 214-215 [105 P.2d 363]; *Rocca* v. *Steinmetz* (1922) 189 Cal. 426, 428 [208 P. 964].)"

On this basis, the court considered the merits of appeals by two husbands and two wives from judgments dismissing their causes of action as wrongful death heirs for the wrongful death of their unborn children and the husbands' causes of action for shock resulting from their witnessing deliveries of their stillborn infants, leaving pending the wives' causes of action for injuries suffered by them in the negligent deliveries. The court described the latter causes of action as follows: "In each case the plaintiff wife also asserts one or more causes of action personal to her." (*Id.*, at p. 567, fn. 1.) "As a final determination of the rights of plaintiff *in that capacity*, such judgment [,was] regarded as having the same measure of finality as would a similar judgment in an action in which there were two plaintiffs...." (*Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co., supra*, 41 Cal.2d at p. 789.) (Italics in original.)

 The above exception does not apply to the case at bench since defendant Texaco is a party (in the same capacity) to all causes of action left pending except the sixth cause of action.

 The effect of the one judgment rule has also been avoided in several cases "in the interests of justice and to prevent unnecessary delay...by amending the judgment on appeal as needed and then construing the notice of appeal as from the judgment, as amended,..." (*Schonfeld* v. *City of Vallejo* (1975) 50 Cal.App.3d 401, 418 [123 Cal.Rptr. 669]; see also *Gombos* v. *Ashe* (1958) 158 Cal.App.2d 517, 524 [322 P.2d 933].) A recent example of the use of this device is *Fraser-Yamor Agency, Inc.* v. *County of Del Norte* (1977) 68 Cal. App.3d 201 [137 Cal.Rptr. 118]. There a so called "final judgment" finally disposed of the complaint and of a cross-complaint but failed to dispose of an intervener's complaint in intervention seeking the same relief as the cross-complaint. The court considered the appeal upon its merits, saying (*id.*, at p. 208): "Accordingly, the 'final judgment' is not final because of its failure to dispose of the complaint in intervention. We do not deem it advisable, however, to dismiss the appeal on that basis because it is apparent from the orders of the trial court that it determined that the auditor was not to take anything by his complaint

in intervention. The parties have not made a point of the omission to dispose of the complaint in intervention but have presented the issues on appeal under the assumption that the auditor was denied any relief on his complaint in intervention. Accordingly, in the interests of justice and to prevent unnecessary delay we order, under the authority of *Gombos* v. *Ashe,* 158 Cal.App.2d 517, 524-525 [322 P.2d 933], *Tsarnas* v. *Bailey, supra,* 179 Cal.App.2d 332, 337 [3 Cal.Rptr. 629], *Shepardson* v. *McLellan,* 59 Cal.2d 83, 89 [27 Cal.Rptr. 884, 378 P.2d 108], and *Coronet Credit Corp.* v. *West Thrift Co.,* 244 Cal.App.2d 631, 634, fn. 2 [53 Cal.Rptr. 433], that the 'final judgment' be amended by including therein an order that the auditor is entitled to no relief on his complaint in intervention.

"The 'final judgment' as amended is an appealable judgment."

This device, however, can be used only where all issues necessary to a disposition of the remaining causes of action have been decided by the trial court (as in *Fraser-Yamor*) or can be decided as a matter of law on the basis of the record (*Gombos*). That is not the situation in the case at bench. ▮ The trial court did not in any way make it apparent that it determined any except the first cause of action. Though the second and third causes of action might be dismissed on the basis of the declaration that defendant had no obligation to install the vapor recovery system (they are simply causes of action for damages for breach of an implied obligation to do so), that is not true of the fourth, seventh, eighth or ninth causes of action in which the alleged breach of such implied obligation is merely one of several elements upon which plaintiff relies to support his claims.

Another exception to the general rule appears in the decision of the First District in *Schonfeld* v. *City of Vallejo, supra,* 50 Cal.App.3d 401, where the court considered the effect of an order severing a declaratory relief cause of action from two other causes of action for coercive relief which were dismissed after demurrers were sustained without leave to amend. The court considered the question whether the entry of the judgment on the first two causes of action was premature and whether the single judgment rule precluded consideration of an appeal from such dismissal. The *Schonfeld* court reviewed the foregoing authorities and considered the effect of severance pursuant to Code of Civil Procedure section 1048. It said in this respect (50 Cal.App.3d at p. 417): "Our research has disclosed no case that considers the conflict

between the one final judgment rule and the severance statute, Code of Civil Procedure section 1048. An eminent authority notes that '...in complicated cases the one final judgment rule proves to be a delusion, and appeals from separate final judgments in a single action continue to present the most difficult problems in the field of appellate procedure' (6 Witkin, Cal. Procedure, Appeal, § 37, pp. 4051 and 4052). And we have indicated that *even though a cause of action is severed and tried separately, pursuant to Code of Civil Procedure section 1048, a separate judgment is not necessarily the result (National Electric Supply Co. v. Mount Diablo Unified School Dist.,* 187 Cal.App.2d 418, 421-422 [9 Cal.Rptr. 864])." (Italics added.)

After concluding that neither the exception stated in *Aetna Cas. etc. Co. v. Pacific Gas & Elec. Co., supra,* 41 Cal.2d 785, nor the device utilized in *Gombos v. Ashe, supra,* 158 Cal.App.2d 517, was applicable, the *Schonfeld* court continued (50 Cal.App.3d at pp. 418-419): "...However, given the workload of the appellate courts of this state, it would be an unnecessary and wasteful burden for all concerned to rigidly adhere to the one final judgment rule. This court has previously indicated that pursuant to federal practice, *separate appealable judgments may be rendered on counts that present separate claims for relief* (Fed. Rules Civ. Proc., rule 54(b); see *Reeves v. Beardall,* 316 U.S. 283 [86 L.Ed. 1478, 62 S.Ct. 1085]; *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427 [100 L.Ed 1297, 76 S.Ct. 895]; *Cold Metal Process Co. v. United Co.,* 351 U.S. 445 [100 L.Ed. 1311, 76 S.Ct. 904]; *Wilson v. Wilson,* 96 Cal.App.2d 589, 596 [216 P.2d 104]). At the time of our decision in *Wilson,* no California court had recognized such an exception and *Gombos v. Ashe, supra,* and its progeny had not been decided. The test is whether the circumstances here presented are so unusual that postponement of the appeal until the final judgment on Schonfeld's fourth cause of action would cause so serious a hardship and inconvenience as to require us to augment the number of existing exceptions. (*U.S. Financial v. Sullivan,* 37 Cal.App.3d 5, 11-12 [112 Cal.Rptr. 18]; *Western Electroplating Co. v. Henness,* 172 Cal.App.2d 278, 283 [341 P.2d 718]; see *Gombos v. Ashe, supra,* at p. 523). We respectfully disagree with the conclusion of the Fourth District that the question has been settled to the contrary in California (*U.S. Financial v. Sullivan, supra,* at p. 11), since no reported case has dealt with the application of the one final judgment rule to a cause of action severed pursuant to Code of Civil Procedure section 1048. Under that statute, a trial court has broad discretion to consolidate or sever causes of action and will not be reversed on appeal except for an abuse of discretion.

Clearly, the declaratory relief cause of action here was properly severed as it raises issues separate and independent from those of the first two causes of action.

"We hold, therefore, that in the instant case, since the first two causes of action were properly severed, a final judgment resulted, *even though the independent fourth cause of action is still pending between the same parties.* [Fn. omitted.]" (Italics added.)

The reference to *U.S. Financial v. Sullivan* (1974) 37 Cal.App.3d 5 [112 Cal.Rptr. 18], is instructive as to the basis of the *Schonfeld* decision. In *Sullivan,* the court said (*id.,* at p. 11): "Were we free to do so, we should be inclined to adopt the rule that where a judgment of dismissal of less than all the counts in a complaint finally determines *claims for relief which are separate and distinct from the claims for relief remaining to be tried,* the judgment is appealable. (Cf. Fed. Rules Civ. Proc., rule 54(b); *Reeves v. Beardall,* 316 U.S. 283 [86 L.Ed. 1478, 62 S.Ct. 1085]; *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 434-436 [100 L.Ed. 1297, 1305-1306, 76 S.Ct. 895]; *Cold Metal Process Co. v. United Eng. & F. Co.,* 351 U.S. 445, 452 [100 L.Ed. 1311, 1318, 76 S.Ct. 904]; see 6 Witkin, Cal. Procedure (2d ed. 1971) pp. 4062-4063.) *But the rule is settled in California to the contrary. (Bank of America v. Superior Court,* 20 Cal.2d 697, 701-702 [128 P.2d 357]; *de Vally v. Kendall de Vally O. Co., Ltd.,* 220 Cal. 742, 744, 745-746 [32 P.2d 638]; *Crofoot v. Crofoot,* 132 Cal.App.2d 794, 797-799 [283 P.2d 283]; *Wilson v. Wilson,* 96 Cal.App.2d 589, 595-596 [216 P.2d 104]; see 6 Witkin, Cal. Procedure (2d ed. 1971) pp. 4060-4062.)" (Italics added.)

It is clear from the foregoing that the court in *Schonfeld* recognized an exception from the one judgment rule only where the causes of action not disposed of are "separate and distinct" from the cause of action upon which judgment is rendered.

The facts of the case at bench cannot be brought within this rule. At least two of the causes of action left pending are wholly dependent upon the obligation declared in the declaratory relief judgment, the second and third causes of action being merely claims for damages for breach of the implied obligation to install the vapor recovery system. In at least three other causes of action (the fourth, seventh and ninth), the existence of the obligation declared not to exist is a substantial element of the cause of action stated. Plaintiff acknowledges this by alleging in his complaint that all causes of action present "common issues of law and

fact." We are, therefore, unable to conclude that jurisdiction can be exercised on the basis stated in *Schonfeld.*

It is, therefore, apparent that none of the so far recognized exceptions to the one judgment rule is applicable under the facts of this case. Nor can we think of any new exception which would cover this case which would not in effect make the exception the rule, or simply make the entire matter a question of appellate discretion.

There is authority for discretionary review as a matter of appellate policy where the order or judgment which does not dispose of the entire case is nonetheless statutorily appealable, albeit inconsistent with the one final judgment concept. In *Guntert* v. *City of Stockton* (1974) 43 Cal.App.3d 203 [117 Cal.Rptr. 601], a permanent injunction was granted without disposing of the damage claims based on the same facts. After noting that in previous cases it had held an appeal from such an injunctive order premature, the Third District concluded that it was within its "appellate discretion" to temper this prior holding "in unusual cases when its enforcement would result in injustice or more waste than saving of the time and energies of court and counsel." (*Id.,* at p. 209.) In so doing, however, the court clearly recognized the impropriety of any such exercise where, by reason of its failure to finally dispose of the entire case, a judgment is statutorily nonappealable, and distinguished that situation from the one before it. The court said in this respect (*id.,* at p. 208): "The parties' desire for appellate review does not, of course, create appellate jurisdiction. When the appeal is from an interlocutory or other nonappealable order, the one final judgment rule is statutory, for subdivision (a) of section 904.1, Code of Civil Procedure, prevents an appeal from a judgment which is not final. (6 Witkin, Cal. Procedure (2d ed.) p. 4050.) Here the statute confers appellate jurisdiction, for it recognizes an order granting injunctive relief as an appealable order. (Code Civ. Proc., § 904.1, subd. (f).) Here the one final judgment rule is not a statutory prohibition but a product of appellate policy, which deprecates piecemeal appeals in order to conserve appellate energies."

The judgment in the instant case is not made appealable other than as a final judgment. It is not a final judgment because it does not finally dispose of the action. It is, therefore, subject to the statutory one final judgment rule. Though the foregoing authorities state exceptions to this rule, none of them are applicable to the facts of this case. The opinions of our Supreme Court have strongly stated the general rule of nonappealability, and while that court has not interfered with

the Court of Appeal's recognition of the exceptions above stated, we find no justification for the creation of a further general exception applicable to "unusual cases," where the statutory one final judgment rule is applicable. Consequently, we hold that the summary judgment is not an appealable judgment and that its effect is limited to that of an order specifying that the issue of defendant's obligation to install the vapor recovery system is "without substantial controversy" and that it "shall be deemed established" (Code Civ. Proc., § 437c) that the defendant has no such obligation.

■ In a supplemental letter brief, appellant has asked that the appeal be "treated as a petition for writ of mandate," citing *U.S. Financial* v. *Sullivan* (1974) 37 Cal.App.3d 5 [112 Cal.Rptr. 18]; *Clovis Ready Mix Co.* v. *Aetna Freight Lines* (1972) 25 Cal.App.3d 276 [101 Cal.Rptr. 820]; and *Branham* v. *State Farm Mut. Auto. Ins. Co.* (1975) 48 Cal.App.3d 27 [121 Cal.Rptr. 304]. Those cases do uphold this court's power, under extraordinary circumstances, to accept a stipulation of the parties to treat an appeal as a petition for writ of mandate. As stated in *U.S. Financial*, to justify such treatment, circumstances should be shown "compelling enough to indicate the propriety of a petition for writ of mandate in the first instance...." (37 Cal.App.3d at p. 12.) Otherwise, the device of filing an unauthorized appeal followed by such a stipulation would inundate this court with piecemeal appeals.

We have no verified petition supporting appellant's stated claim that "[s]hould jurisdiction of this appeal not be taken, it will be next to impossible for him to go through a trial of this matter merely to perfect appellate jurisdiction." Moreover, we consider it important to discourage any belief that appeals from such "premature" and "improvident" judgments (*Clovis Ready Mix Co.* v. *Aetna Freight Lines, supra*, 25 Cal.App.3d at p. 281; *U.S. Financial* v. *Sullivan, supra,* 37 Cal.App.3d at p. 11) pursuant to stipulation will obviate the necessity to establish extraordinary grounds for the issuance of a writ of mandate. Accordingly, we decline to assume jurisdiction by entertaining the appeal as an extraordinary writ matter.

The appeal is dismissed.

Cobey, J., and Allport, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 20, 1980. Bird, C. J., was of the opinion that the petition should be granted.