Opinion
 

 SILLS, P. J.
 

 In this case we condemn the artifice of trying to create an appealable order from an otherwise nonappealable grant of summary adjudication by dismissing the remaining causes of action without prejudice but with a waiver of applicable time bars. The one final judgment rule remains the rule in California. (See generally,
 
 Morehart
 
 v.
 
 County of Santa Barbara
 
 (1994) 7 Cal.4th 725, 743 [29 Cal.Rptr.2d 804, 872 P.2d 143] [“. . . an appeal cannot be taken from a judgment that fails to complete the
 
 *117
 
 disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as ‘separate and independent’ from those remaining.”].)
 

 The facts here are simple. Plaintiffs sued defendant insurance companies on no less than 11 causes of action. Defendants brought a motion for summary adjudication on two causes of action. That motion was granted. Plaintiffs and defendants then entered into a formal written stipulation in which the plaintiffs agreed to dismiss all their remaining causes of action,
 
 but
 
 without prejudice and
 
 with
 
 a waiver of all applicable statutes of limitation. Thus the parties agreed that in the event the plaintiffs’ appeal from the trial court’s “order regarding [the] motion for summary adjudication” was successful and the matter was remanded, the action would proceed on all the causes of action set forth in the latest complaint. On the other hand, if the appellate court affirmed the trial court’s order, then the plaintiffs agreed to dismiss their remaining causes
 
 with
 
 prejudice. Plaintiffs then filed a notice of appeal from the trial court’s order granting summary adjudication on two of the eleven causes of action.
 

 Not so fast. This is not one of those cases where the
 
 substance
 
 of what is going on is an appeal from a final disposition of all issues between two parties, where the appellate court may be willing to overlook the absence of a formal piece of paper embodying that disposition. (See
 
 Morehart
 
 v.
 
 County of Santa Barbara, supra, 1
 
 Cal.4th at p. 740 [“. . . the order appealed from may be amended so as to convert it into a judgment encompassing actual determinations of all the remaining issues . . . .”];
 
 Francis
 
 v.
 
 Dun & Bradstreet, Inc.
 
 (1992) 3 Cal.App.4th 535, 538-539 [4 Cal.Rptr.2d 361] [construing order granting summary judgment to incorporate formal judgment to same effect]; compare with
 
 Cohen
 
 v.
 
 Equitable Life Assurance Society
 
 (1987) 196 Cal.App.3d 669, 671 [242 Cal.Rptr. 84] [“wearying” of practice of saving appeals by deeming order to sustain a demurrer a judgment of dismissal].)
 

 Nor does this case fit the classic “collateral judgment” exception to the one final judgment rule (e.g., a pendente lite support order in a family law case). Here, the two causes of action disposed of are integral to plaintiffs’ entire case (an insurance coverage and bad faith suit) and necessary to a correct determination of the remaining causes of action. (See
 
 Steen
 
 v.
 
 Fremont Cemetery Corp.
 
 (1992) 9 Cal.App.4th 1221, 1226-1230 [11 Cal.Rptr.2d 780].)
 

 When our Supreme Court addressed the problem of a disposition of less than all causes of action in
 
 Tenhet
 
 v.
 
 Boswell
 
 (1976) 18 Cal.3d 150 [133
 
 *118
 
 Cal.Rptr. 10, 554 P.2d 330], it indicated, albeit indirectly, that there would be no exceptions when parties craft stipulations which allow remaining causes of action to survive to trial. After first laying down the “normal” one final judgment rule,
 
 [1]
 
 the
 
 Tenhet
 
 court recognized this exception: “[T]he rule has been modified in cases in which the trial court’s failure to dispose of all causes of action results from inadvertence or mistake
 
 rather than an intention to retain the remaining causes of action for trial.”
 
 (18 Cal.3d at p. 154, italics added.)
 

 The stipulation here virtually exudes an intention to retain the remaining causes of action for trial. True, the dismissed causes of action would not be brought back to life if the defendants prevailed. That scenario, however, is functionally indistinguishable from the conventional situation in which the trial court’s disposition of one cause of action has the practical effect of substantially weakening a plaintiff’s case, but other, weaker, causes of action still remain to be tried. The plaintiff might still possibly prevail on those causes of action. If the effect of the summary adjudication on two causes of action here really was to eliminate the remaining causes of action, then the defendant should have been able to bring another summary adjudication motion to mop up the rest of the plaintiffs’ case.
 
 [2]
 
 And if not, then it is clear that all issues between the parties on appeal have not been adjudicated.
 

 Either way, the one final judgment rule does not allow contingent causes of action to exist in a kind of appellate netherworld. The substance of this case is that there was a disposition of only two of eleven causes of action, with the remaining causes of action left for trial.
 
 [3]
 
 It makes no difference that this state of affairs is the product of a stipulation, or even of encouragement by the trial court. Parties cannot create by stipulation appellate jurisdiction
 
 *119
 
 where none otherwise exists.
 
 [4]
 
 (See
 
 DeGrandchamp
 
 v.
 
 Texaco, Inc.
 
 (1979) 100 Cal.App.3d 424, 430 [160 Cal.Rptr. 899] .
 
 [5]
 
 )
 

 We simply do not have jurisdiction to decide this appeal, which is hereby dismissed. Nothing we say in this opinion should in any way be construed as bearing on the merits of the plaintiffs’ causes of action, either those already adjudicated, or those which, in substance, remain to be adjudicated. The merits of all plaintiffs’ causes of action will be addressed later, if and when this case is timely appealed after the requisite one final judgment. Further, given that this unnecessary detour to the appellate court was the product of a stipulation, in the interests of justice both sides will bear their costs on appeal. (See Cal. Rules of Court, rule 26(a) [“In any case in which the interests of justice require it, the reviewing court may make any award or apportionment of costs it deems proper.”].)
 

 Wallin, J., and Crosby, J., concurred.
 

 On March 24, 1997, the opinion was modified to read as printed above.
 

 [1]
 

 "A party may not normally appeal from a judgment on one of his causes of action if determination of any remaining cause is still pending.” (18 Cal.3d at p. 153.)
 

 [2]
 

 In insurance coverage and bad faith cases, the bad faith causes of action typically fall if there is a coverage determination adverse to the policyholder. If that is indeed the situation here, then there was no reason—except possibly, local page limit rules—those issues could not have been decided in one motion. And even if the insurer’s counsel’s strategy was to focus the trial court’s attention on the coverage issue by confining the motion to just that, then there was no reason a second summary adjudication motion could not have been brought on the remaining causes of action.
 

 [3]
 

 What about a stipulation for a
 
 judgment
 
 which
 
 did
 
 dispose of all the causes of action by dismissing all remaining causes of action
 
 with
 
 prejudice, regardless of what the appellate court did? While this would have solved the appealability problem, we can see it would not have been very attractive to the plaintiffs. Even if the appellate court reversed, perfectly good causes of action would be jeopardized by the doctrines of retraxit or time bar.
 

 [4]
 

 Thus it also makes no difference that, after entering into the stipulation, defendants then turned around and argued in both their respondent’s brief and in a separate motion that this court should dismiss the appeal. This court must dismiss regardless of the positions taken by the parties on appeal. Any estoppel that might even arguably arise because of the inconsistency between the stipulation in the trial court and the position later taken by the defendants in the appellate court is therefore irrelevant.
 

 [5]
 

 DeGrandchamp
 
 and a number of other cases were disapproved by
 
 Morehart
 
 v.
 
 County of Santa Barbara, supra, 7
 
 Cal.4th at page 743, footnote 11, to the extent that they recognized any exception to the one final judgment rule for issues separate and independent from the main action as articulated by
 
 Schonfeld
 
 v.
 
 City of Vallejo
 
 (1976) 50 Cal.App.3d 401 [123 Cal.Rptr. 669]. However, DeGrandchamp’s point about parties not able being to stipulate to appeals is, if anything, reinforced by the decision in
 
 Morehart.