Filed 2/10/14  Mosley v. Premier Credit Union CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EDGAR MOSLEY,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>PREMIER AMERICA CREDIT UNION,<br><br>     Defendant and Respondent. | B248780<br><br>(Los Angeles County<br>Super. Ct. No. MC022615) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Randolph A. Rogers, Judge.  Affirmed.

Edgar Mosley in pro. per. for Plaintiff and Appellant.

Anderson, McPharlin & Conners, Eric A. Schneider and Leila M. Rossetti for Defendant and Respondent.

Plaintiff Edgar Mosley appeals the judgment entered following the trial court's grant of a motion for summary judgment in favor of defendant Premier America Credit Union ("Premier"). Finding no error, we affirm the judgment.

FACTUAL AND PROCEDURAL SUMMARY

According to his complaint, Mosley purchased a motor vehicle pursuant to a Retail Installment Contract (the "Sales Contract") which was thereafter assigned to Premier. The contract provided for 83 monthly payments of $621.15 each, due on the 14th day of the month. Payments which were more than ten days late were subject to a 5% late fee. The final payment was due on May 14, 2011. After making all the payments required under the Sales Contract, Mosley demanded that Premier transfer title to him. Premier refused to do so, maintaining that additional sums were due pursuant under the Sales Contract.

On June 1, 2011, acting in propria persona, Mosley filed suit against Premier, alleging causes of action for breach of contract, fraud, and violations of the Rees-Levering Automobile Sales and Finance Act, Civil Code section 2981 et seq. ("Rees-Levering"). Mosley acknowledged in his complaint that he made three late payments, for which he paid late fees of $94.[1] He stated, however, that after the second late charge was incurred, Premier began deducting $31 (the 5% late charge) from his payments of $621.15, resulting in underpayments to his account thereafter. He further alleged that Premier applied finance charges of 8% to the unpaid balance, and that he was thus charged 13% for late fees in violation of Rees-Levering. Mosley requested $10,000 in damages for emotional distress, $50,000 in punitive damages, and other relief deemed proper by the court.

Premier demurred to the complaint, contending it was ambiguous and unintelligible, and that it failed to state facts sufficient to constitution a cause of action for breach of contract or fraud. Specifically, Premier complained that the terms of the

[1] In an amended complaint, it was apparent that Mosley did not pay the late fees as they accrued, but at the end of the contract term.

2

contract which Mosley claimed were breached were not set forth in the complaint, nor was a copy of the contract attached thereto; that Mosley identified no contract damages but improperly sought emotional distress and punitive damages for breach of contract; and that the complaint failed to plead a cause of action for fraud with sufficient particularity. The trial court sustained the demurrer with leave to amend.

On September 19, 2011, Mosley filed a first amended complaint, which in addition to amending his causes of action for breach of contract, fraud and violations of Rees-Levering, added claims under the Unfair Competition Law, Business and Professions Code section 17200 et seq. ("UCL").

Premier demurred to the first amended complaint on the grounds of uncertainty, failure to state a cause of action, and on the basis that the court had not authorized Mosley to add any new causes of action. The court sustained the demurrer with leave to amend as to two causes of action: breach of the covenant of good faith and fair dealing, and breach of the unfairness prong of the UCL. The remaining causes of action, including common law fraud, were sustained without leave to amend. In a subsequent order, the trial court permitted Mosley to amend his pleading to "also allege the unlawful prong of Business and Profession[s] Code [section] 17200."

On February 17, 2012, Mosley filed his second amended complaint, alleging five causes of action. Among these causes of action were breach of fiduciary duty and negligence, claims he had not previously made and for which he did not seek the court's permission to include in his amended complaint. Another new cause of action was titled "Deceit upon the Public," by which Mosley alleged that Premier purported "to have the legal authority to increase fees on Plaintiff's contract when in truth the Defendant sought to serve only [its] own personal pecuniary interest." Mosley sought damages of $200,000 for breach of fiduciary duty, $100,000 for breach of the implied covenant of good faith and fair dealing, and $6,000 per day "for each violation of Business and Professions Code section 17207" for a total amount of not less than $100,000. The cited Business Code section provides a civil penalty for the intentional violation of an injunction prohibiting

3

unfair competition. The complaint alleged neither the existence of, nor Premier's violation of, such an injunction.

Premier demurred to the causes of action for breach of fiduciary duty, violation of Rees-Levering, deceit upon the public, and negligence, based upon the failure to state facts sufficient to constitute a cause of action, and on the fact that the court did not authorize Mosley to include these causes of action in his amended pleading. At a May 3, 2012 hearing on the matter, the court sustained without leave to amend the four causes of action to which Premier demurred.[2] A court trial was set for February 8, 2013 as to the two remaining causes of action, for violation of the UCL and breach of the implied covenant of good faith and fair dealing.

On May 11, 2012, pursuant to Code of Civil Procedure section 1008, subdivision (a), Mosley sought reconsideration of the grant of Premier's demurrer to the second amended complaint. The trial court denied reconsideration, finding that Mosley failed to provide any new or different facts, circumstances or law, but simply argued that the court did not properly consider his evidence and misapplied the law.

On July 20, 2012, Mosley filed a notice of appeal purporting to appeal the trial court's grant of Premier's demurrer to the second amended complaint.

On October 9, 2012, Mosley filed a peremptory challenge pursuant to Code of Civil Procedure section 170.6, which the trial court denied as untimely.

On November 13, 2012, Premier filed a motion for judgment on the pleadings, contending that Mosley's cause of action for breach of the implied covenant of good faith and fair dealing was defective, because the complaint did not allege a breach of contract, a necessary element of a cause of action for breach of the implied covenant. Mosley did not respond to Premier's motion, but requested that it be taken off calendar due to the trial court's lack of jurisdiction as a result of his appeal of the court's earlier ruling on

---

[2] Premier also moved to strike portions of the second amended complaint. The trial court denied the motion.

4

demurrer. The court granted the unopposed motion for judgment on the pleadings, with leave to amend. Mosley did not amend his complaint.

On December 17, 2012, this court dismissed Mosley's appeal, ruling that we had no jurisdiction to hear the appeal since a cause of action remained to be tried.

On January 30, 2013, Premier filed a motion for summary judgment. Submitted with the motion was the declaration of a Premier Loan Recovery Officer, who declared that in December 2012, Premier issued a check to Mosley in the amount of $900, representing the sum of all late fees ever charged to his account, plus interest, and the difference between the amount of finance charges applied to Mosley's account and the amount of finance charges provided for in the Sales Contract ($84.15), plus interest. The loan officer also confirmed that title to the vehicle was released to Mosley in October of 2012.

In its summary judgment motion, Premier argued that, under his remaining cause of action for violation of the UCL, Mosley's only remedies were an injunction and restitution: "While any member of the public can bring suit under the act to enjoin a business from engaging in unfair competition, it is well established that individuals may not recover damages." (*Korea Supply Company v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1150.) Premier maintained that Mosley did not seek an injunction, and that any amounts "which could possibly be returned to the plaintiff via restitution have already been restored" to him.

Mosley did not oppose the motion for summary judgment. The court granted the motion and entered judgment in Premier's favor.

Mosley timely filed a notice of appeal.


CONTENTIONS

On appeal, Mosley challenges the trial court's rulings on Premier's demurrers to the first and second amended complaints and the denial of his section §170.6 peremptory challenge. He also maintains that the trial court had no jurisdiction to grant Premier's motions for judgment on the pleadings and summary judgment, since Mosley had filed a

notice of appeal of the court's ruling on Premier's demurrer to the second amended complaint.[3]  We consider each contention below.

1.  *The demurrer to the first amended complaint*

"When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  Courts must also consider judicially noticed matters.  (*Ibid.*)  In addition, we give the complaint a reasonable interpretation, and read it in context.  (*Ibid.*)  If the trial court has sustained the demurer, we determine whether the complaint states facts sufficient to state a cause of action.  If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment.  (*Ibid.*)  If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred.  (*Ibid.*)  The plaintiff has the burden of proving that an amendment would cure the defect.  (*Ibid.*)"  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

In his first amended complaint, Mosley alleged that Premier violated various provisions of Rees-Levering by, for instance, collecting late fees of more than 5% of the overdue payments.  Mosley argued that Premier's purported violations of Rees-Levering constituted fraud.  The trial court agreed with Premier that Mosley's fraud allegations were not pled with sufficient particularity, and so sustained Premier's demurrer without leave to amend those allegations.

---

[3]Mosley does not challenge the rulings on Premier's motions for judgment on the pleadings and summary judgment, but limits his contentions to the trial court court's lack of jurisdiction on account of his pending intermediate appeal and, in the case of the summary judgment order, his filing of a peremptory challenge.  Thus, Mosley waived any substantive challenges to the court's rulings on Premier's motions for judgment on the pleadings and summary judgment.  (*Kelly v. CB & I Constructors, Inc.* (2009) 179 Cal.App.4th 442, 451-452; *Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538.)

"'Fraud is an intentional tort, the elements of which are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. [Citation.]' (*Cicone v. URS Corp.* (1986) 183 Cal.App.3d 194.)" (*Intrieri v. Superior Court* (2004) 117 Cal.App.4th 72, 85-86.) "'Fraud actions . . . are subject to strict requirements of particularity in pleading. . . . The effect of this rule is twofold: (a) General pleading of the legal conclusion of "fraud" is insufficient; the facts constituting the fraud must be alleged. (b) Every element of the cause of action for fraud must be alleged in the proper manner (i.e., factually and specifically), and the policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect.' (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 574; [Citations.]" (*Committee On Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216.)

The first amended complaint fails to state a cause of action for fraud. Mosley simply asserts that Premier's violation of certain requirements of Rees-Levering constitutes fraud. He makes no attempt to set forth the elements of the cause of action. Indeed, we fail to see how he could allege justifiable reliance on Premier's supposed fraud in charging impermissible late fees, since he immediately challenged those very fees.

The first amended complaint also failed to state a cause of action based upon violations of Rees-Levering. That statute regulates finance charges, while Mosley's complaint was that Premier improperly assessed late fees. Moreover, the very practice which Mosley was challenging – Premier's application of monthly payments first to outstanding late fees, which resulted in subsequent delinquencies – does not violate Civil Code section 2982, subdivision (k)'s prohibition on charging more than one late fee per delinquent installment. (*Davis v. Ford Motor Credit Co.* (2009) 179 Cal.App.4th 581, 590-591.)

In sum, after granting Mosley leave to amend his causes of action for breach of the implied covenant of good faith and fair dealing and violations of the UCL, the trial court

7

properly sustained without leave to amend the remaining causes of action in Mosley's first amended complaint.

### 2. *The demurrer to the second amended complaint*

As noted, Mosley was authorized by the court to amend his pleading to state causes of action for breach of the covenant of good faith and fair dealing and violations of the UCL. In his second amended complaint, Mosley included causes of action for breach of fiduciary duty, violations of Rees-Levering, deceit upon the public, and negligence. Premier's demurrer to the amended was addressed solely to these causes of action which were not authorized by the trial court's ruling on the earlier demurrer.

Mosley maintains that the trial court erred in sustaining this demurrer, because the additional causes of action alleged were not in fact new causes of action, but simply remedies under the two causes of action for which the court granted leave to amend. However, Mosley cites no authority for his novel theory, and we know of none. The argument is thus unavailing.

### 3. *The order denying Mosley's peremptory challenge*

Appellant contends that the trial judge erroneously denied his Code of Civil Procedure section 170.6 challenge. We do not agree.

Code of Civil Procedure section 170.6 provides a procedure for disqualifying a bench officer who is prejudiced against a party or the interest of a party in the action or proceeding. A party who wishes to establish such prejudice must move for relief within a specified period of time. "If directed to the trial of a civil cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or the presiding judge by a party within 15 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, within 15 days after the appearance." (Code Civ. Proc., § 170.6, subd. (a)(2).)

Here, notice of the assignment of the trial judge was filed on June 1, 2011. Mosley filed his peremptory challenge on October 9, 2012, over 15 months after he had

notice of the all purpose judicial assignment. Thus the trial court properly rejected Mosley's peremptory challenge as untimely.

4. *The court's jurisdiction to hear Premier's motions for judgment on the pleadings and summary judgment during the pendency of Mosley's interim appeal*

On July 20, 2012, Mosley filed a notice of appeal purporting to appeal the trial court's order sustaining without leave to amend Premier's demurrer to certain causes of action of the second amended complaint, as well as the denial of his Code of Civil Procedure section 1008, subdivision (a) motion for reconsideration of that ruling. Code of Civil Procedure section 916, subdivision (a) provides in relevant part that "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." Citing this statute, Mosley contends that the trial court lacked subject matter jurisdiction to rule on Premier's motions for judgment on the pleadings and summary judgment.

On December 17, 2012, this court dismissed Mosley's appeal for lack of jurisdiction. In our dismissal order we stated: "Plaintiff, Edgar Mosley, purports to appeal from an order sustaining a demurrer without leave to amend as to all but one cause of action in the second amended complaint. The clerk's transcript reveals a cause of action remains. The superior court docket indicates there is a hearing scheduled for December 18, 2012 and a trial date. We asked the parties to brief the issue of our jurisdiction. . . . Since a single cause of action remains pending between the parties, the challenged order is not appealable. (*Greenfield v. Mather* (1939) 14 Cal.2d 228, 233; *De Grandchamp v. Texaco* (1979) 100 Cal.App.3d 424, 435. . . .)" The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) Because the order sustaining Premier's demurrer was not appealable, this court had no jurisdiction to review it.

9

"The purpose of the automatic stay provision of section 916, subdivision (a) 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The [automatic stay] prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.' (*Elsea v. Saberi* (1992) 4 Cal.App.4th 625, 629.)" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189.) Where, as here, the appellate court has no jurisdiction, there is no need to protect this court's jurisdiction by preserving the status quo until the appeal is decided. Indeed, the appeal is rendered futile not by the trial court's actions, but by the appellant's conduct in appealing a nonappealable order. Consequently, the trial court did not lose jurisdiction upon Mosley's filing of the July 20, 2012 notice of appeal.

## DISPOSITION

The judgment is affirmed. Respondent is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MINK, J.[*]

We concur:

MOSK, ACTING P. J.

KRIEGLER, J.

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10