Filed 2/20/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| STEVE SHEHYN, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> VENTURA COUNTY PUBLIC WORKS AGENCY et al., <br><br><br> Defendants and Respondents. | 2d Civil No. B337452 <br> (Super. Ct. No. 56-2023- <br> 00575016-CU-EI-VTA) <br> (Ventura County) |

Steve Shehyn appeals from the judgment dismissing his second amended complaint, with prejudice, following the trial court's sustaining the demurrer of defendants Ventura County Public Works Agency and Ventura County Waterworks District No. 1 (collectively, District) without leave to amend. Appellant's cause of action for inverse condemnation was the only claim pending before the court at the time of judgment.

Appellant alleged sediment from the District's water delivery system permanently damaged the pipes used to irrigate

his commercial avocado orchard. The trial court found appellant failed to state a cause of action for inverse condemnation because he "invited" District water onto his property. We conclude appellant sufficiently pleaded his claim. We will reverse the judgment and remand with instructions to enter a new order overruling the demurrer.

FACTUAL AND PROCEDURAL HISTORY

As we explain below, our review is de novo, and we treat the demurrer as admitting all material facts properly pleaded. Accordingly, we draw our factual summary from the pleadings.

*Allegations*

Appellant owns a 20-acre orchard in Moorpark with approximately 2000 mature avocado trees. The District is a publicly-owned utility that provides water to appellant and other property owners in Ventura County.

Appellant's property is at the end of a branch line in the District's system. The amount of sediment in his water "is vastly and grossly disproportionately greater than other properties" served by the District. The excess sediment damaged his irrigation pipes and orchard. He alleges this is "a direct and necessary result of the plan, design, maintenance and operation of the [District's] water supply facilities."

*The District Demurrers; Appellant Seeks Writ Relief*

Appellant's first amended complaint included causes of action for breach of contract, negligence, and inverse condemnation. The District demurred to all three. The trial court sustained the demurrer with leave to amend as to the breach of contract and negligence claims but sustained it without leave as to the inverse condemnation claim. Citing *Williams v. Moulton Niguel Water Dist.* (2018) 22 Cal.App.5th 1198

2

(*Williams*), it found appellant could not cure the defect by amendment because he "invited" District water onto his property.[1]

Appellant filed a second amended complaint with revised causes of action for breach of contract and negligence.  His inverse condemnation cause of action remained unchanged but included a footnote stating he would petition for a writ of mandamus reversing the order sustaining the demurrer to that cause of action without leave.  We denied his petition.[2]  The trial court entered judgment for the District after appellant voluntarily dismissed his contract and negligence claims without prejudice.

## DISCUSSION

### *Appealability*

We first decide whether the judgment following the voluntary dismissal of appellant's breach of contract and negligence claims without prejudice is appealable.[3]  "A voluntary dismissal, 'unaccompanied by any agreement for future litigation, does create sufficient finality as to that cause of action so as to allow appeal from a judgment disposing of the other counts. [Citation.]  That is because "a party's voluntary dismissal without prejudice does not come equipped by law with an automatic tolling or waiver of all relevant limitations periods; instead, such

---

[1] We grant the District's September 20, 2024 request to take judicial notice of the minute order of the demurrer hearing held on September 28, 2023.  (Evid. Code, §§ 452, subd. (d)(1), 459.)

[2] *Shehyn v. Superior Court* (Nov. 29, 2023, B333465).

[3] Neither party addressed appealability.

3

a dismissal includes the very real risk that an applicable statute of limitations will run before the party is in a position to renew the dismissed cause of action.”’”’ (*Alaama v. Presbyterian Intercommunity Hospital, Inc.* (2019) 40 Cal.App.5th 55, 63, quoting *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1105-1106.) The record contains no evidence the parties preserved the dismissed claims for future litigation by way of a tolling agreement or statute of limitations waiver. (See *Don Jose’s Restaurant v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115, 118-119 [“Parties cannot create by stipulation appellate jurisdiction where none otherwise exists”].) The judgment on the second amended complaint, it follows, finally disposes of appellant’s action regardless of whether he dismissed those claims with or without prejudice.

*Standard of Review*

Our review is limited to whether appellant states a cause of action for inverse condemnation. “In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.” (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) “‘We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.’ [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.” (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

*Inverse Condemnation*

“Private property may be taken or damaged for a public use and only when just compensation, ascertained by a jury unless

4

waived, has first been paid to, or into court for, the owner." (Cal. Const., art. I, § 19 (a).) A plaintiff seeking to recover for inverse condemnation must allege "'[1.] a public entity [2.] has taken or damaged their property [3.] for a public use.'" (*Simple Avo Paradise Ranch, LLC v. Southern California Edison Co.* (2024) 102 Cal.App.5th 281, 289, quoting *Barham v. Southern Cal. Edison Co.* (1999) 74 Cal.App.4th 744, 751.) A cause of action lies where damage to real property is "substantially caused by an inherent risk presented by the deliberate design, construction, or maintenance of [a] public improvement." (*City of Oroville v. Superior Court* (2019) 7 Cal.5th 1091, 1105 (*City of Oroville*).) "[T]he injury to private property [must be] an 'inescapable or unavoidable consequence' of the public improvement as planned and constructed." (*Id.*, at p. 1108, quoting Van Alstyne, *Inverse Condemnation: Unintended Physical Damage* (1969) 20 Hastings L.J. 431, 437, fn. 32.) The "inherent risk" approach to inverse condemnation "protects private property owners by allocating the financial losses resulting from the public improvement across the community and provides public entities with an incentive to internalize the reasonable risks of their public improvements." (*City of Oroville*, at p. 1105.)

*The First Amended Complaint States a Cause of Action*
*for Inverse Condemnation*

The trial court found appellant could not state a cause of action for inverse condemnation because he "invited" District water onto his property. We disagree.

Appellant alleges a public improvement, i.e., the District's water delivery system, working as it was "deliberately designed, constructed and maintained" delivered an amount of sediment that was "vastly and grossly disproportionally greater" than

5

delivered to other properties. The sediment damaged his irrigation system. We interpret these allegations as appellant seeking compensation for bearing a disproportionate amount of the externalized costs of a public improvement resulting from an inherent risk presented by the deliberate design, construction, or maintenance of the public improvement. This interpretation supports a claim for inverse condemnation.

The trial court cited *Williams*, *supra*, 22 Cal.App.5th 1198 as the basis of its ruling. Homeowners in *Williams* sued their water district because an antibacterial water additive called chloramine corroded their copper pipes. The trial court found for the district after trial. The Court of Appeal affirmed on two grounds. First, it found all district customers received water containing the same chemical. "To the extent there is any burden of cost or repair arising out of that water delivery," *Williams* concluded, "it [was] already a burden being shouldered by the public." (*Id.*, at p. 1210.) "The fundamental premise of [article 1] section 19, that individuals should not bear the burden or a cost that in fairness should be borne by the public, is absent [here]." (*Id.*, at p. 1211.) Second, the court noted that "compensation for the damage here would also 'expand compensation outside the traditional realm of eminent domain' because the plaintiffs invited the water into their plumbing systems—the delivery was consensual." (*Ibid.*)

We do not read this case as creating a brightline rule barring inverse condemnation claims for damage caused by "invited" water, or, stated differently, as limiting inverse condemnation to damages caused by flooding. The premise of inverse condemnation remains whether a property owner bears a disproportionate share of the costs of a public improvement. The

6

homeowners in *Williams* failed to clear this hurdle because they received the same water as the district's other customers—not because they consented to that water entering their homes. The court discussed the latter point only in the second part of its analysis, where it rejected the homeowners' argument that their case was "'conceptually indistinguishable'" from established lines of authority involving bursting or leaking utility pipes. (*Williams, supra*, 22 Cal.App.5th at p. 1211.) We also hesitate to perpetuate a broad exclusion that might catch meritorious claims in its net. What if the homeowners in *Williams*, for example, received chloramine in higher concentrations than other homeowners in the same system. Should turning their taps preclude them from bringing an inverse condemnation claim? We think not. They are customers of a state-sanctioned monopoly who must choose between receiving their utility's water or none at all.

Appellant's allegation that he receives "vastly and grossly disproportionately" more sediment than other District customers should, and does, place his claim within the ambit of eminent domain. Whether appellant caused or contributed to the problem by voluntarily allowing sediment-laden water into his irrigation system goes to the merits of the claim, not its viability at the pleading stage. (See *City of Oroville, supra*, 7 Cal.5th at p. 1109 [trial courts must "assess whether the damages were the result of a risk created not by the public improvement, but by the acts of the private property owner"].)

## DISPOSITION

Judgment is reversed. The matter is remanded to the trial court with directions to enter an order overruling the demurrer to

the first amended complaint.  Appellant shall recover his costs on appeal.

CERTIFIED FOR PUBLICATION.

CODY, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

8

Henry J. Walsh, Judge
Superior Court County of Ventura
_____

Law Office of Daniel E. Engle, Daniel Eric Engel, for Plaintiff and Appellant.

Tiffany N. North, County Counsel, Eric Walts, Assistant County Counsel, for Defendants and Respondents.